Fuld, J.
The defendant was indicted in 1950 by a Kings County grand jury for the crime of robbery in the first degree committed in June of that year. He was arraigned and pleaded not guilty. Shortly thereafter, by reason of a conviction in New York County, he was sentenced to imprisonment in state prison for five years. In June of 1955, having served that sentence, he was returned to the Kings County Court for trial on the 1950 charge. Several months later, in October, he moved, through counsel, to dismiss the indictment on the ground that he had been denied his right to a speedy trial. We had not yet decided the Prosser case (People v. Prosser, 309 N. Y. 353) and the trial judge denied the motion.
Following our decision in Prosser on December 1, 1955, the defendant again moved to dismiss the indictment. The district attorney made an oral statement, apparently designed to show that there had been adjournments of the trial at defendant’s instance, but no papers were submitted in opposition. The motion was again denied, the court writing an opinion in which it opined that the defendant had waived his rights because the case had been marked ‘ ‘ ready ’ ’ on several occasions without objection from his counsel.
Shortly after denial of that motion, the defendant filed a notice of appeal to the Appellate Division from the order *173 entered in the county court, but the Appellate Division dismissed the appeal upon the ground that the order was intermediate in nature and not appealable. The defendant then pleaded guilty to the crime of petit larceny and was sentenced to the New York City Penitentiary, execution of the sentence being suspended.
He thereupon appealed from that judgment of conviction and brought up for review the order of the county court denying his motion to dismiss the indictment. The Appellate Division reversed the order “ on the law,” granted the motion and dismissed the indictment on the ground that the defendant had been denied his right to a speedy trial by reason of the five-year lapse between indictment and any attempt to bring him to trial. .
The assistant district attorney who argued the appeal, following highest traditions, forthrightly acknowledged that the five-year delay was a denial of the speedy trial guarantee and declared that, had the defendant moved for dismissal of the indictment upon his return from prison, the court would have had no alternative but to grant the motion. However, it is urged that the defendant waived his right to trial by pleading guilty and, accordingly, was not privileged to complain that he had not been brought to trial promptly.
Under other and different circumstances a plea may constitute a waiver of the right to a speedy trial and deprive the defendant of whatever remedy he might otherwise have had. Here, shortly after his return to Kings County and his obtaining an attorney, the defendant moved to dismiss the indictment because of the five-year delay. The Prosser case (supra, 309 N. Y. 353), as already noted, had not at that time been decided, but counsel called it to the attention of the county court judge. Be that as it may, the motion was denied. Our decision in Prosser came down; the motion to dismiss was made again; it was again denied and the defendant appealed from the resulting order to have his rights declared by an appellate court.
When that appeal was dismissed upon grounds of non-finality, the defendant could, of course, have stood trial — and, if he had, the district attorney recognizes, the “defense” of waiver could not have been interposed and the defendant would have been in a position (had he been convicted) to obtain a reversal of the order denying his motion to dismiss. The plea was, of course, a voluntary one, but, in the light of all the cir *174 cumstances, it may not be said that defendant’s conduct spelled out a waiver. We cannot agree that acceptance of the plea to a misdemeanor was “ an expression of happy relief on respondent’s part at being able to avoid even the chance of conviction for the greater crime ” or that the defendant received “ a quid pro quo which satisfied him.” On the contrary, defense counsel may well have reasoned, as his subsequent action indicated, that the defendant, by pleading guilty, was accorded an opportunity of having the appellate courts pass upon the motion to dismiss, without subjecting him to the risk of the heavy sentence that might have followed a trial and conviction for first degree robbery.
We wrote in Prosser that the “ speedy trial guarantee, preventing undue delay between the time of indictment and trial, serves a three-fold purpose ”—-one of them that it saves a defendant “from being 4 exposed to the hazard of a trial, after so great a lapse of time ’ that 1 the means of proving his innocence may not be within his reach ’ — as, for instance, by the loss of witnesses or the dulling of memory”, and we added that “Its benefits may be claimed, therefore, by any person under indictment, * * * whether he be admitted to bail or whether he be a prisoner already serving a sentence in the same jurisdiction for a different crime. [Cases cited.] While the first two considerations noted above may not loom large in the case of a defendant in prison for another offense, there can be no dispute that it is vital, even for him, that the trial be had while witnesses are available and memories fresh ’ ’ (People v. Prosser, supra, 309 N. Y., at pp. 356-357).
Moreover, the court declared that ‘ ‘ the burden of proceeding promptly is on the state,” that it is the state “ which has the duty of seeing that the defendant is speedily brought to trial ” (p. 358). It may not be disputed that the five-year delay which here occurred violated the mandate for a speedy trial. The duty imposed upon the People was breached, and defendant’s motion to dismiss the indictment should have been granted when first made. His subsequent plea of guilty may not be deemed a waiver.
The order of the Appellate Division should be affirmed.
Conway, Ch. J., Desmond, Dye, Froessel, Van Voorhis and Burke, JJ., concur.
Order affirmed.