Daniel J. KOENIG, Petitioner-Appellant,

v.

John T. WILLINGHAM, Warden, Respondent-Appellee.

No. 15419.

United States Court of Appeals
Sixth Circuit.

Nov. 14, 1963.

Daniel J. Koenig, in pro. per.

Robert A. Bell, Columbus, Ohio (Joseph P. Kinneary, U. S. Atty., Robert A. Bell, Asst. U. S. Atty., Columbus, Ohio, on the brief), for appellee.

Before WEICK, Circuit Judge, and KALBFLEISCH and PECK, District Judges.

KALBFLEISCH, District Judge.

Appellant sought a release from custody pursuant to Section 2255, Title 28

U.S.C.A., and a writ of habeas corpus ad testificandum to testify in support of the Section 2255 motion. The District Judge who had presided at his trial denied the motion and the writ. There are three issues before this Court. The first is whether appellant was denied his constitutional right to a speedy trial; the second is whether his plea of guilty was voluntary; and the third is whether the District Court was obliged to give appellant a hearing at the time of its consideration of his Section 2255 motion.

Appellant was apprehended on September 29, 1959, in Miami, Florida, and charged with bank robbery. On October 12, 1959, he filed a motion in the District Court for the Southern District of Florida seeking the suppression and return of evidence implicating him with bank robbery. Four days later he was indicted in the United States District Court for the Southern District of Ohio and formally charged with bank robbery. This case was listed on the court records as No. 7558. On December 18, 1959, his motion to suppress evidence was sustained. The Government appealed that ruling. On June 17, 1960, a second indictment was returned against him charging conspiracy to commit bank robbery. This was case No. 7724. On the same date another indictment was returned against appellant charging him with conspiracy to escape from federal custody. This was case No. 7725. On October 17, 1960, a jury trial was commenced on the charge of conspiracy to escape custody, case No. 7725, and also on a charge of attempting to escape custody, which indictment was returned September 12, 1960, case No. 7759. The jury returned a verdict of guilty, and on October 28, 1960, appellant appealed that verdict. On April 12, 1961, the Fifth Circuit Court of Appeals dismissed the Government's appeal of the Florida Court's order suppressing the evidence, which opinion is reported at 290 F.2d 166. On October 9, 1961, the Supreme Court granted a writ of certiorari to consider the Fifth Circuit's ruling. On March 14, 1962, this Court reversed the conviction in case No. 7725, involving conspiracy to escape and attempted escape from custody. That decision is reported at 300 F.2d 377. On March 19, 1962, the United States Supreme Court affirmed the Fifth Circuit Court of Appeals' dismissal of the Government's appeal from the order suppressing the evidence implicating appellant with bank robbery.

On May 3, 1962, the appellant went on trial in both the indictments concerned with his attempted escape, for which he had been convicted and which convictions had been reversed, and the indictments concerned with conspiracy to rob a bank and with bank robbery. On the third day of trial, after the Government had placed several witnesses on the stand, appellant withdrew his plea of not guilty and entered a plea of guilty in case No. 7724, in which he was charged with conspiracy to rob a bank, and in case No. 7725, in which he was charged with conspiracy to escape from federal custody. Concurrent with appellant's pleas of guilty, upon motion of the Government, cases Nos. 7558 and 7759 were dismissed.

Appellant contends that he was denied his constitutional right to a speedy trial in case No. 7724, in which he was charged with conspiring to commit bank robbery, because, although the indictment was returned on June 17, 1960, he was not put on trial until May 3, 1962. We have also considered whether appellant was denied a speedy trial in case No. 7725, and find that the record clearly shows that he was not. In fact, trial of that case was postponed for some time at the request of appellant's attorney.

The question is immediately presented as to whether appellant is entitled, in a Section 2255 proceeding, to have the Court consider the alleged denial of his constitutional right to a speedy trial. In at least two cases it has been held that such a question cannot even be raised by appeal but that the exclusive remedy is for an accused to seek a writ of mandamus compelling his early trial. Shepherd v. United States, 163 F.2d 974 (8th Cir., 1947); Fowler v. Hunter, 164 F.2d

668 (10th Cir., 1947). The question of appellant's right to raise this issue at this stage of the proceedings has not been briefed by the Government, and appellant is now unrepresented by counsel. However, it is unnecessary for the Court to decide the question at this time because it appears from the record that appellant was not denied his constitutional right to a speedy trial.

It is true that nearly two years elapsed between the return of the indictment and the time that appellant was tried for conspiring to commit bank robbery. It is further true that his counsel upon several occasions requested that appellant be tried on this charge, which requests were denied by the District Court. The reason for the delay stemmed from the fact that the Government did not wish to try appellant until it had obtained a ruling from the United States Supreme Court on appellant's motion to suppress the evidence implicating him with bank robbery.

In denying the Section 2255 motion, the District Judge ruled that the Government was justified in attempting to appeal the suppression order. The Supreme Court opinion entitled DiBella v. United States, 369 U.S. 121, 82 S.Ct. 654, 7 L.Ed.2d 614 (1962), indicates that there was a considerable conflict among the circuits regarding the appealability of such an order. It is clear, therefore, that the Trial Court's statement that the Government was justified in prosecuting the appeal, although the order was eventually held to be non-appealable, is eminently correct.

This, therefore, was not a case where a defendant was arrested and allowed to languish in prison until the Government should, in its own good time, decide to place him on trial. From the time of the return of the indictment until March 19, 1962, the Government was justified in believing that the case was not yet ready for trial because of the preliminary court proceedings which were being conducted, which court proceedings were reasonable and expeditious. The defendant was placed on trial within a month and a half of the time when these preliminary matters were finally concluded.

As the New York Court of Appeals said in People v. Prosser, 309 N.Y. 353, 130 N.E.2d 891, 57 A.L.R.2d 295 (1955), there are three policy considerations behind the right to a speedy trial. One is that a speedy trial avoids prolonged imprisonment of the accused if he remains in jail until trial. This is not a factor in this case, because the Trial Judge stated when he sentenced appellant that in determining the sentence he was taking into consideration the fact that appellant already had been in jail nearly two and one-half years. That he did take this into consideration can be inferred from the comparatively light sentences of five years, running concurrently, which he imposed for each charge. A second reason for requiring a speedy trial is to relieve an accused from the anxiety and public suspicion to which he is naturally subjected by the accusation of the crime. Where the accused is in jail, awaiting trial, as was Koenig, this consideration does not loom very large. People v. Prosser, supra; People v. Chirieleison, 3 N.Y.2d 170, 164 N.Y.S.2d 726, 143 N.E.2d 914 (1957). The third consideration is that a speedy trial prevents an accused's trial being held so long after the alleged events that the means of establishing his innocence are no longer available to him. In this case there is no allegation made now, nor is there any indication that an allegation was made in appellant's various motions for a speedy trial, that it was becoming difficult for appellant to establish his innocence because of the passage of time. For other cases discussing the purpose of the requirement that an accused is entitled to a speedy trial see Shepherd v. United States, 163 F.2d 974 (8th Cir., 1947); and Ex parte Pickerill, 44 F. Supp. 741 (N.D.Texas, 1942).

Therefore, in holding that appellant was not denied his constitutional right to a speedy trial, the District Judge was eminently correct.

The second question for consideration is whether the appellant's plea of

guilty was voluntary. In this regard appellant contends that because of his incarceration for approximately two and one-half years before his trial, part of which time he alleges was spent in solitary confinement, he surrendered his will to the desire of the Government, and his plea of guilty was nothing more than a "conditional reflex." In this regard the District Judge noted that appellant did not enter his plea of guilty until the Government had presented its evidence for more than two days, and the testimony of several witnesses had implicated appellant in the charge of conspiring to rob a bank.

At the trial appellant was represented by counsel of his own choosing. The record reveals that at least twice the District Judge complimented counsel upon the diligence and ability with which the case was tried. Furthermore, before accepting the plea of guilty, the Court conducted a thorough and comprehensive interrogation of appellant. The Court asked, "Has anyone forced you to plead guilty * * *?" to which appellant answered, "No, sir." The Court further asked, "In other words, you are pleading guilty on that charge because you really are guilty of the offense as charged, is that correct, Mr. Koenig?" to which appellant's answer was, "Yes, your honor." The Court further asked, "And your plea, of course, I assume, is free and voluntary, is that correct?" to which appellant replied, "Yes." And we cannot overlook the fact that by his plea of guilty the defendant won the dismissal of indictments Nos. 7558 and 7759.

In view of all of these factors, which appear in the record, appellant's contention that his plea of guilty was not voluntary is clearly without merit.

■ The third question is whether, upon this record, the District Court was obliged to grant appellant a hearing under the rules established in Machibroda v. United States, 368 U.S. 487, 82 S.Ct. 510, 7 L.Ed.2d 473 (1962), and Sanders v. United States, 373 U.S. 1, 83 S.Ct. 1068, 10 L.Ed.2d 148 (1963). Clearly, there was no need for a hearing on the question of appellant's constitutional right to a speedy trial. That question was purely one of law, which could be determined only from the record in the case. Machibroda v. United States, supra, 368 U.S. 494, 82 S.Ct. 513, 7 L.Ed. 2d 473. Nor was it necessary for the District Court to grant appellant a hearing upon the question of whether his plea of guilty was a "conditional reflex."

■ Appellant's contention that his guilty plea was involuntary is contradicted by his statement in open court, made in the presence of his attorney after several days of trial, when, in response to the Court's question, "And your plea, of course, I assume, is free and voluntary, is that correct?" he answered, "Yes." Therefore, this contention comes directly within the rule, stated at page 494 of Machibroda v. United States, supra [368 U.S. at 494, 82 S.Ct. at 513, 7 L.Ed.2d 473], that a hearing is not necessary when the contention raised by the motion can be determined "by the 'files and records' in the trial court."

This contention is also answered by several other recognized rules outlined in the Machibroda case. The District Judge, who had observed appellant for several days of the trial, was obviously able in large part to test the veracity of appellant's contention by "drawing upon his own personal knowledge or recollection." Machibroda v. United States, supra, 368 U.S. 495, 82 S.Ct. 514, 7 L.Ed.2d 473. Furthermore, as the District Court held in its order denying the writ of habeas corpus ad testificandum, a hearing in the case could be expected to be futile. That appellant was in prison before trial was shown by the record. The only question upon which testimony could be taken in such a hearing would be whether the plea of guilty was voluntary. Appellant ably sets out his contentions in his Section 2255 motion. As the District Court stated, "The petitioner's testimony might be expected to follow, in substance, the statements he has made in support of the motions. Assuming that the testimony did follow the statements, the Court's finding would not be changed." Appel-

lant does not assert that there is any specific individual other than himself who could give competent testimony at this time that appellant's plea of guilty was only a "conditional reflex." Furthermore, appellant's contention here is neither detailed nor specific but, rather, consists only of vague, general allegations that, because he had been in jail for a long time prior to his trial, after several days of trial his will collapsed and he submitted to the pressure of the Government. Under the rules laid down in Machibroda v. United States, supra, the District Court, in the exercise of its discretion and "common sense" (Machibroda v. United States, supra, 368 U.S. 495, 82 S.Ct. 514, 7 L.Ed.2d 473), did not commit error when it failed to grant appellant a hearing. See United States v. Davis, 319 F.2d 482, (6th Cir., 1963) for an analogous situation with a like result.

The District Court's denial of appellant's motion for relief under Section 2255, Title 28 U.S.C.A., and for a writ of habeas corpus ad testificandum is affirmed.