The People of the State of New York, Respondent, *v.* Henry Ethrindge, Appellant.

Second Department, February 22, 1971.

*Abraham Werfel* for appellant.

*Eugene Gold, District Attorney (William I. Siegel* of counsel), for respondent.

Munder, J.  On December 7, 1954, the defendant pleaded guilty to the felony of attempted robbery in the second degree

(unarmed) and on February 8, 1955 was sentenced to a term of from 3 years and 9 months to 7 years and 6 months. He took no appeal and served his sentence.

In 1967 he pleaded guilty to a narcotics charge as a felony and was sentenced as a second felony offender to a term of from 5 to 7 years.

On January 28, 1970, following a hearing held pursuant to *People* v. *Montgomery* (24 N Y 2d 130), Mr. Justice BROWN-STEIN vacated the 1955 sentence. The defendant waived the two days' notice of sentence ('Code Crim. Pro., § 472) and was immediately resentenced to the term originally imposed, 3 years and 9 months to 7 years and 6 months. He appeals from the judgment of resentence.

In addition, the defendant moved to vacate his 1967 sentence on the narcotics charge as a second felony offender and sought to be resentenced as a first offender. The motion was denied and the order entered thereon is also appealed from. That order is appealable because the defendant's motion sought to correct an alleged error in sentencing him as a multiple offender and thus the motion is deemed one for *coram nobis* relief (*People* v. *Machado*, 17 N Y 2d 440, 442).

The defendant contends that his 1955 '' conviction '' could not be a valid predicate for his 1967 sentence as a second offender since the 1955 '' conviction '' was vacated and reimposed in 1970.

This contention is without substance.

It is undisputed that the defendant was convicted of a felony, was sentenced in 1955 and thereafter served his term. He thereby clearly came within section 1941 of the former Penal Law, which required additional punishment for any defendant '' who, after having been once * * * convicted within this state, of a felony * * * commits any felony, within this state '' (see *People* v. *Weinberger*, 21 A D 2d 353, 354, affd. 15 N Y 2d 735). Consequently, his 1967 sentence as a second felony offender was proper when imposed and its propriety is not affected by the fact that in 1970 his 1955 sentence was vacated and reimposed in order to allow his time to appeal from the 1955 judgment to begin anew; and his motion seeking a contrary determination was properly denied.

This is not a case where the original sentence was a nullity that has to be superseded by a new sentence to be determined by the court in conformity with the law after the defendant has had the opportunity to be heard (see *People* v. *Harrington*, 21 N Y 2d 61, 64). As this court said in *People* v. *Bennett* (35 A D 2d 1000), a *Montgomery* hearing '' is not a device for

reopening proceedings prior to the adjudication of guilt but merely a device to permit a plenary appeal from that adjudication.''

Upon the appeal from the judgment rendered on resentence in 1970 upon the 1955 conviction, the defendant contends only that the judgment should be reversed because Judge BROWNSTEIN made no inquiry into his allegation that at the change of plea in 1954 the court promised a sentence of 5 years but instead imposed a sentence of from 3 years and 9 months to 7 years and 6 months. However, no proof of that allegation appears in the record of the 1955 conviction and hence this contention is not reviewable on this appeal.

Furthermore, a *Montgomery* hearing is not the place to raise a claim of an unkept promise as to sentence. Such a claim, if not raised on direct appeal, is properly the basis for *coram nobis* relief. The *Montgomery* hearing is concerned only with the defendant's awareness of his right to appeal. When a defendant shows a lack of such awareness and he is resentenced, as at bar, the appeal, taken pursuant to the '' retroactive automatic extension of time to appeal '', is confined to the original record (see *People* v. *Montgomery*, 24 N Y 2d 130, 136, *supra* [dissenting opn.]). The resentence, whether so announced or not, is *nunc pro tunc* as of the original sentence date.

Since the defendant's sole contention on this appeal is not reviewable, the judgment of conviction (resentence) should be affirmed. For the reasons indicated, the order should also be affirmed.

RABIN, P. J., HOPKINS, MARTUSCELLO and CHRIST, JJ., concur.

Judgment and order affirmed.