Frank COUSART, Petitioner,

v.

Edward R. HAMMOCK, Respondent.

No. CV 83–1559.

United States District Court,
E.D. New York.

Jan. 4, 1984.

Abraham Werfel, Jamaica, N.Y., for petitioner.

Robert Abrams, N.Y. Atty. Gen. by Joann M. Becker, Asst. Atty. Gen., New York City, for respondent.

## MEMORANDUM AND ORDER

WEXLER, District Judge.

This is an action for a writ of habeas corpus brought under 28 U.S.C. Section 2254.

## I. FACTS

On June 4, 1975, petitioner was convicted, following a jury trial, by the New York Supreme Court, Richmond County, on charges of sale of and possession with intent to sell heroin.

The New York Supreme Court, Appellate Division, thereafter appointed a series of counsel to represent petitioner on appeal. The appeal was not perfected until late in 1979. Petitioner alleges that this delay was caused by "his indigency, inefficiency of his assigned counsel, and negligence or indifference by the Appellate Division of the New York State Supreme Court, who supervises appellate counsel". Respondent contends that "the delay was largely caused by unfortunate circumstances", and that two years of the delay occurred because the first two attorneys appointed to represent petitioner discovered the existence of conflicts of interest.

On March 17, 1980, the Appellate Division reversed petitioner's conviction and ordered a new trial, primarily on the grounds that petitioner had been denied a public trial. *People v. Cousart*, 74 A.D.2d 877, 426 N.Y.S.2d 295 (1980). Although petitioner argued in his brief submitted to the Appellate Division that "summary reversal and dismissal of the indictment are mandated as a result of the inordinate delay in the perfection of this appeal", the Appellate Division's only comment on this contention was "we do not reach defendant's other contentions except to note that summary reversal is not required."

On September 18, 1980, petitioner moved that his indictment be dismissed by the New York Supreme Court, Richmond County, "on the grounds of denial of a speedy trial and/or in the interests of justice". In affirmations made in support of this motion, petitioner's counsel argued that dismissal of the indictment was required under the Sixth Amendment right to a speedy trial and the right to effective assistance of counsel, and in the interests of justice. Petitioner's counsel further argued that several defense witnesses who had testified at the first trial were no longer available as a result of the delay, and that a confidential informant (who, according to the prosecution's contentions at the first trial, introduced petitioner to an undercover officer with whom petitioner engaged in an illegal transaction involving the sale of drugs) had become unlocatable due to the delay, and so could not be produced by the prosecution if such production was deemed appropriate by the court at a retrial.

Petitioner's counsel alleges in an affidavit (submitted in connection with the instant petition) that, after the motion papers were filed, numerous conferences between the judge handling the motion and attorneys for both sides were held which were not transcribed; that at these conferences petitioner's counsel argued that a retrial would violate petitioner's right to due process and equal protection; that the judge stated at one of these conferences that there was no question in the judge's mind that petitioner's due process and equal protection rights were violated, and also stated that he was inclined to grant the motion; that on October 27, 1980, an extended colloquy was held in open court which petitioner's counsel unsuccessfully requested be placed on the record; and that during this colloquy, the judge stated that he would deny the motion because he believed that he lacked jurisdiction to dismiss an indict-

ment for a delay in an appeal, and that in his opinion only the Appellate Division had jurisdiction because the basic issue was the delay in the appeal. Respondent's counsel alleges in an affidavit (submitted in response to the affidavit of petitioner's counsel, pursuant to an order of this Court to submit such a response) that she contacted both the judge in question and the Assistant District Attorney who participated in said conferences, and that neither have any recollection of due process arguments having been raised. In any event, the judge denied the motion to dismiss the indictment on October 27, 1980. On December 18, 1980, the judge issued an opinion reading in its entirety as follows:

This court finding no merit in defendant's arguments, denies his motion for dismissal of the indictment on the ground of denial of a speedy trial. The court also denies defendant's motion for dismissal of the indictment in the interests of justice.

Let this constitute the order of the court.

On October 27, 1980, immediately following the denial of the motion to dismiss the indictment, petitioner pled guilty to one count of the indictment. Petitioner was sentenced to five and one-half years to life.

Petitioner then appealed from his conviction to the Appellate Division. In petitioner's brief submitted to the Appellate Division, petitioner argued that the indictment should have been dismissed, citing petitioner's constitutional rights to a speedy trial, due process, equal protection, and effective assistance of counsel. The State of New York, in its brief submitted to the Appellate Division, did not suggest that petitioner had waived the right to assert these arguments. On December 7, 1981, the Appellate Division unanimously affirmed the conviction without opinion. *People v. Cousart*, 85 A.D.2d 932, 447 N.Y.S.2d 84 (1981).

Petitioner then appealed to the New York Court of Appeals. In petitioner's brief submitted to the Court of Appeals, petitioner raised essentially the same arguments as were raised before the Appellate Division. Further, in discussing the denial of the motion to dismiss the indictment, petitioner stated in his brief submitted to the Court of Appeals:

The court's memorandum decision and order contained no findings or conclusions in support thereof except, "finds no merit in defendant's arguments." (A–32) The record contains no further elucidation. Counsel is constrained not to include in this brief colloquy that does not appear on the record, but will supply same to this court on oral argument, only if requested to do so.

Petitioner's Brief Submitted to the New York Court of Appeals, page 6, note 6. The State of New York, in its brief submitted to the Court of Appeals, did not suggest that petitioner had waived the right to assert any of the arguments raised in petitioner's brief.

On December 14, 1982, the Court of Appeals affirmed the conviction, in an opinion by Judge Jasen, concurred in by Chief Judge Cooke and Judges Gabrielli, Jones, Wachtler, Fuchsberg, and Meyer. *People v. Cousart*, 58 N.Y.2d 62, 444 N.E.2d 971, 458 N.Y.S.2d 507 (1982). The opinion rejected on the merits petitioner's claim that his right to a speedy trial under the Sixth Amendment had been violated. The opinion stated that petitioner "was accorded a prompt trial which resulted in his conviction. At that point, the concerns addressed by the Sixth Amendment were served." The opinion also stated that "the State due process requirement of a prompt prosecution is broader than the right to a speedy trial guaranteed by ... the Sixth Amendment." The opinion went on to state:

The defendant does argue that he was prejudiced in regard to his retrial because several witnesses disappeared during the five-year period his appeal was pending. Had he properly raised this claim to the trial court by asserting a violation of his due process rights, rather than his speedy trial rights, a hearing could have been held to determine the validity of this claim and whether the prejudice was attributable to the delay in

the appellate process. In this case, defendant raised only claims that the indictment should be dismissed because his speedy trial right had been violated and that the interests of justice required dismissal of the indictment. This did not properly alert the court to claims of due process violations, or that a hearing might be required. Indeed, the only reference to due process in the motion are as it would relate to defendant's speedy trial rights.

Had the defendant properly alerted the court to potential due process violations, a hearing could have evaluated the claimed prejudice. This court cannot assume, without the benefit of a record compiled at such a hearing or at the retrial, that any prejudice did result. While the disappearance of key witnesses may well amount to prejudice, such cannot be assumed in this case where all those witnesses had testified at the first trial and their testimony would be available at the second trial.

## II. THE INSTANT PETITION

In the instant petition, petitioner raises the issues of petitioner's right to due process, equal protection, effective assistance of counsel, and the Sixth Amendment right to a speedy trial. Respondent, in addition to disputing these claims on the merits, contends that petitioner has forfeited his claims regarding due process and equal protection through his failure to raise them explicitly in his motion to dismiss the indictment. Petitioner responds that the motion to dismiss the indictment properly alerted the trial court to the existence of issues regarding due process and equal protection, even if it did not do so explicitly, and that these issues were raised explicitly in discussions not on the record. Respondent replies that, even if these issues were in fact raised explicitly in discussions not on the record, petitioner has waived the right to assert the existence of such discussions by perfecting an appeal without a complete record. Respondent also contends that petitioner has waived the right to raise the issue of effective assistance of counsel through his guilty plea.

## III. THE WERFEL AFFIDAVIT

### A. Procedural Considerations

#### 1. Exhaustion of Remedies

■ Both parties agree that the doctrine of exhaustion of state-court remedies does not preclude this Court from considering the affidavit of petitioner's counsel, Mr. Werfel, in which Mr. Werfel states that the issues of due process and equal protection were explicitly raised in oral discussions with the trial judge which Mr. Werfel unsuccessfully attempted to have placed on the record. Petitioner reaches this conclusion by arguing that the doctrine only precludes the presentation to a federal court of *issues* not presented to a state court, rather than precluding the presentation to a federal court of evidence as to whether or not an issue was in fact raised in state court, and that there is in any case no mechanism by which the New York State courts could correct the record. Respondent agrees that there is no mechanism by which the New York State courts could have corrected the alleged defect in the record after the appeal had been perfected.

We reach the same conclusion by a somewhat different analysis. Petitioner, in his brief submitted to the New York Court of Appeals, stated "counsel is constrained not to include in this brief colloquy that does not appear on the record, but will supply same to this court on oral argument, only if requested to do so." The Court of Appeals did not so request during oral argument. The Court of Appeals was thus given an opportunity to set in motion whatever mechanisms exist in New York State for the correction of the record subsequent to the perfection of an appeal, if any such mechanisms there be, but failed to exercise this opportunity. We hold that by giving the Court of Appeals this opportunity, petitioner did everything which was required of him under the doctrine of exhaustion of state-court remedies.

### 2. Waiver

Respondent has argued that, by failing to explicitly refer to "due process" and "equal protection" in his motion to dismiss the indictment, petitioner has waived the right to raise such issues here. Respondent's argument on this point can logically be divided into two claims: (1) that petitioner, by perfecting an appeal on a record containing no explicit references to "due process" and "equal protection", has waived the right to assert the occurrence of oral discussions not on the record in which these issues were explicitly raised; (2) that even assuming that petitioner may assert that such oral discussions occurred, the occurrence of such discussions avails petitioner nothing, because petitioner's failure to raise such issues explicitly on the record in and of itself constitutes waiver of the right to raise such issues, independently of whether such issues were or were not raised in oral discussions not on the record. We are concerned at this point only with the first claim.

 It is well established that a procedural default committed by a petitioner in proceedings before the state courts will not be binding upon the federal court considering the petition if adequate cause for, and prejudice from, the procedural default can be shown. *Wainwright v. Sykes*, 433 U.S. 72, 97 S.Ct. 2497, 53 L.Ed.2d 594 (1977). In order to determine whether "cause" for a procedural default existed, it is necessary to inquire into facts not appearing on the state record, such as whether arguments not explicitly raised in a written notice of motion were raised in oral discussions. To extend the policy of recognizing state procedural defaults so far as to preclude consideration of material, such as the instant affidavit of Mr. Werfel, relating to facts not appearing from the state record, would be to effectively abolish the "cause and prejudice" test and substitute for it a policy of automatic recognition of state procedural defaults. We therefore conclude that Mr. Werfel's affidavit may be considered for the purpose of determining whether the allegations contained therein are true, leaving aside for the moment the question of what legal effect (if any) these allegations would have if true.

### B. Truth of the Affidavit

We may now proceed to evaluate the allegations contained in Mr. Werfel's affidavit.

 Mr. Werfel has stated, under oath, that the issues of "due process" and "equal protection" were raised explicitly in oral discussions not on the record, and that he attempted to have these discussions placed on the record. Respondent has replied with an affidavit in which respondent's counsel states that she has contacted the judge and Assistant District Attorney involved in the oral discussions, and that they have stated that they have no recollection of references to "due process" and "equal protection". Respondent's counsel's statement concerning conversations she has had with the judge and Assistant District Attorney in question would constitute inadmissable hearsay if offered in evidence. Further, even had the judge and Assistant District Attorney in question themselves submitted affidavits in which they stated that they had no recollection of the issues of "due process" and "equal protection" having been raised explicitly in oral discussions, such equivocal statements could not generate a genuine dispute as to the truth of Mr. Werfel's allegations, since Mr. Werfel positively asserts the truth of his allegations, whereas the judge and Assistant District Attorney in question would not be positively denying the truth of the allegations. Consequently, we conclude that there is no genuine dispute as to the truth of Mr. Werfel's allegations, that it would be unnecessary to hold a hearing concerning such allegations, and that Mr. Werfel's allegations are in fact true.

### IV. WAIVER OF "DUE PROCESS" AND "EQUAL PROTECTION" CLAIMS

### A. Effect of the Werfel Affidavit

 Since we have found that the issues of "due process" and "equal protec-

tion" were in fact raised explicitly in oral discussions, it would appear to follow that petitioner has not waived his right to assert such issues. Although the New York Court of Appeals found that petitioner had so waived, the Court of Appeals did not have before it the factual information which we have before us. Had the factual allegations made in Mr. Werfel's affidavit been considered and rejected by a New York State court we would, of course, be bound by such factual determination; since, however, such factual allegations were not so considered, we show no disrespect for the state courts by considering such factual allegations and using them as a basis for rejecting the finding of the state courts that there has been a waiver. Just as we may consider factual allegations demonstrating cause for a state procedural default which indisputably occurred, so may we consider factual allegations demonstrating that a procedural default did not occur.

█ It may be argued that, even if the issues of "due process" and "equal protection" were explicitly raised in oral discussions, the failure of petitioner to raise such issues explicitly on the record in and of itself constitutes a waiver of the right to assert said issues. If we were to accept this view, we would find that petitioner has demonstrated adequate "cause" for such procedural default. Specifically, petitioner has demonstrated (as we have found) that petitioner attempted unsuccessfully to have references to "due process" and "equal protection" placed upon the record. Whether petitioner suffered "prejudice" as a result of the procedural default is a question which cannot be answered without an analysis of the merits of the "due process" and "equal protection" claims themselves. Accordingly, we shall address this question later.

### B. Consideration of the Record Standing Alone

Even if we were to confine our discussion of whether petitioner has waived the right to raise claims regarding "due pro-

cess" and "equal protection" to an examination of the state-court record, without considering Mr. Werfel's affidavit, we would still conclude that petitioner is not barred from raising these claims here.

Petitioner, in affirmations by petitioner's counsel submitted to the New York Supreme Court, Richmond County, in connection with petitioner's motion to dismiss the indictment, fully set forth the factual allegations upon which petitioner now seeks to explicitly assert "due process" and "equal protection" claims. Specifically, these affirmations discussed the history of the delay of the appeal, argued that petitioner had been prejudiced as the result of the disappearance of his witnesses, and suggested that the State of New York should be considered legally responsible for the delay, either through negligence on the part of the Appellate Division in the exercise of its function of appointing counsel, or through vicarious responsibility of the State for the negligence of attorneys appointed by the Appellate Division. Although the affirmations spoke of the Sixth Amendment right to a speedy trial, the right to effective assistance of counsel, and the "interests of justice", rather than "due process" and "equal protection", it is clear that the court was alerted to the essence of the problem which petitioner now seeks to raise in his petition for a writ of habeas corpus—namely, that petitioner was prejudiced through excessive delay in the perfection of his appeal resulting from state action.

It is interesting to note that the State of New York did not suggest, either in its brief submitted to the Appellate Division or in its brief submitted to the Court of Appeals, that petitioner had committed a procedural default. The fact that petitioner's own opponents did not see any basis for a claim of procedural default tends to confirm that the essence of petitioner's claim was presented to the trial court.

█ In *Daye v. Attorney General of the State of New York*, 696 F.2d 186 (2d Cir.1982), the Second Circuit set forth the standards for determining whether a claim

raised in a petition for a writ of habeas corpus was "fairly presented" to the state courts so as to comply with the doctrine of exhaustion of state-court remedies. Although in the instant case we are concerned with the issue of waiver rather than of failure to exhaust state-court remedies, logic suggests that the same factors which determine whether a claim was "fairly presented" to a state court for the purposes of exhaustion of state-court remedies should likewise determine whether a claim was presented to a state trial court in such a manner that a federal court will not be barred from considering the claim on the ground that the claim was not presented explicitly to the trial court. Applying the standards of *Daye*, we hold that the determination by the New York Court of Appeals that petitioner has waived his right to raise "due process" and "equal protection" claims in state court through his failure to raise such claims explicitly in his motion to dismiss the indictment does not preclude this Court from considering such claims.

## V. WAIVER OF "INEFFECTIVE AS-SISTANCE OF COUNSEL" CLAIM

The next issue is whether petitioner has waived the right to assert that he has been denied effective assistance of counsel by pleading guilty.

We note at the outset that petitioner raised the issue of ineffective assistance of counsel in briefs submitted to the Appellate Division and the Court of Appeals, and that the State of New York, in its own briefs submitted to the Appellate Division and the Court of Appeals, did not argue that petitioner had waived his right to raise these claims. The Court of Appeals, in its opinion, did not explicitly refer to the issue of "ineffective assistance of counsel". Apparently, the Court's finding that petitioner had waived his right to raise "due process" claims in general included an implicit finding that petitioner had waived the right to raise claims regarding "ineffective assistance of counsel". In other words, it appears that the Court of Appeals found that petitioner had waived the right to raise

issues regarding "ineffective assistance of counsel", *not* because petitioner pled guilty, but because petitioner failed to refer explicitly to "due process" in his motion to dismiss the indictment.

Respondent concedes that petitioner has not waived his right to raise issues regarding the Sixth Amendment right to a "speedy trial" by pleading guilty. This point is made clear both by New York case law, *People v. Chirieleison*, 3 N.Y.2d 170, 164 N.Y.S.2d 726, 143 N.E.2d 914 (1957), and by federal case law, *Menna v. New York*, 423 U.S. 61, 96 S.Ct. 241, 46 L.Ed.2d 195 (1975); *Blackledge v. Perry*, 417 U.S. 21, 94 S.Ct. 2098, 40 L.Ed.2d 628 (1974). Interestingly, respondent does not contend that petitioner's plea of guilty resulted in a waiver of petitioner's right to raise equal protection claims, or due process claims in general, but only the specific claim of "ineffective assistance of counsel".

■■■■ The same rationale which precludes petitioner's plea of guilty from being regarded as a waiver of his Sixth Amendment "speedy trial claim" likewise precludes the plea from being regarded as a waiver of petitioner's equal protection claims, general due process claims, or "ineffective assistance of counsel" claims. In essence, petitioner has only a single claim, arising from a single transaction. Petitioner contends that he was prejudiced through the disappearance of his witnesses resulting from delay allegedly caused by the negligence of the Appellate Division or of attorneys appointed by the Appellate Division. It would be pointless to attempt to break this claim down into individual components and find that petitioner has waived the right to assert some, but not all, of the component claims. Whether petitioner's claim be described as one arising under the Sixth Amendment right to "speedy trial", the Fourteenth Amendment right to "equal protection", the right to "effective assistance of counsel", or the general right to due process, petitioner's claim is that the State of New York had no right to retry petitioner. A guilty plea does not waive objections to the right of the State to hold a

trial, but merely waives claims consistent with the valid establishment of factual guilt, *Blackledge, supra; Menna, supra.* Consequently, we find that petitioner did not waive any claim asserted here by pleading guilty. Although a guilty plea ordinarily waives a claim of ineffective assistance of counsel where such alleged ineffective assistance is unrelated to the plea itself, *People v. Petgen,* 55 N.Y.2d 529, 536, 450 N.Y.S.2d 299, 435 N.E.2d 669 (1982), this rule should not apply where, as here, the alleged ineffective assistance of counsel is alleged to have rendered the holding of further proceedings illegal.

## VI. THE MERITS

We now turn to a consideration of the merits of petitioner's claims.

We leave aside for the moment the question of whether the Appellate Division or attorneys appointed by the Appellate Division were negligent, and the question of whether the negligence of state-appointed attorneys can be attributed to the state, in order to consider the question of the extent to which a criminal defendant the perfection of whose successful appeal was unjustifiably delayed due to state action must demonstrate prejudice from such delay in order to show that a retrial would be unconstitutional.

■ Delay in the processing of an appeal may constitute a violation of the right to due process. *Doescher v. Estelle,* 454 F.Supp. 943, 950 (N.D.Tex.1978), *app. dismissed,* 597 F.2d 281 (5th Cir.1979). Having said this, we see no reason to discuss whether such delay may constitute a violation of the Sixth Amendment right to a speedy trial, *see generally id.* at 950; *United States v. Cifarelli,* 401 F.2d 512 (2d Cir.1968), *cert. denied,* 393 U.S. 987, 89 S.Ct. 465, 21 L.Ed.2d 448 (1968), the right to effective assistance of counsel, or the right to equal protection. We believe that such a discussion would have no bearing on the question of the extent to which a criminal defendant the perfection of whose successful appeal was unjustifiably delayed due to state action must demonstrate preju-

dice from such delay in order to show that a retrial would be unconstitutional.

Logically, the harms to a criminal defendant arising from the delay in the perfection of his ultimately successful appeal may be divided into two classes: those harms which affect the defendant regardless of whether or not a retrial takes place, and those harms which affect the defendant only if a retrial takes place. Harms which affect the defendant regardless of whether or not a retrial takes place include the anxiety which the defendant feels during the added period of time between the initial trial and the disposition of the appeal occasioned by the delay in the perfection of the appeal, as well as the incarceration of the defendant during this period (if the defendant is incarcerated). Harms which affect the defendant only if a retrial takes place include the impairment of the defendant's case caused by the loss of witnesses or evidence occasioned by the delay in the perfection of the appeal.

■ We hold that, where a criminal defendant is convicted, and the perfection of the defendant's appeal is excessively delayed through state action, and the appeal is successful, and a court is called upon to determine whether the defendant may constitutionally be retried, the court should consider exclusively those harms to the defendant stemming from the delay which would occur only if a retrial takes place, and should not consider those harms to the defendant stemming from the delay which would occur regardless of whether a retrial takes place or not.

■ There is a great distinction between the determination of whether delay attributable to state action bars an *initial trial* and the determination of whether such delay bars a *retrial.* In determining whether delay attributable to state action bars an *initial trial,* a court may consider harms to the defendant stemming from the delay which would occur even if a trial does not take place. *United States v. Marion,* 404 U.S. 307, 320, 92 S.Ct. 455, 463, 30 L.Ed.2d 468. The Constitution seeks to

protect a person who has not been convicted of a crime from anxiety and incarceration occasioned by excessive delay in the commencement of his trial attributable to the state. *Id.* By contrast, the need to protect a person who has been convicted of a crime, but who appeals from his conviction, against anxiety and incarceration is considerably weaker. A person who has been convicted of a crime is not entitled to the presumption of innocence which attaches to a person who has not been convicted. Indeed, a person who has been convicted of a crime is not constitutionally entitled to an appeal. *Ortwein v. Schwab*, 410 U.S. 656, 93 S.Ct. 1172, 35 L.Ed.2d 572 (1973). If the state grants a right to appeal, and the perfection of an appeal is excessively delayed through state action, and the appellant suffers additional anxiety and incarceration as a result of the delay, the delay is deplorable and may even constitute a violation of the appellant's constitutional rights, but does not justify the drastic remedy of prohibiting a retrial. It should be noted that we deal here only with delay in the perfection of the appeal; delay occurring between the time a retrial is ordered and the commencement of the retrial would require an entirely different analysis.

We now turn to the question of whether the instant petitioner's defense was so impaired by the delay in the perfection of his appeal as to bar a retrial.

■ Initially, we must determine whether petitioner is required to prove *actual* prejudice from the delay in the perfection of the appeal, or merely to prove the *possibility* of prejudice. We hold that in order to invoke the extreme remedy of barring a retrial, a person must demonstrate actual prejudice from delay in the perfection of his ultimately successful appeal attributable to the state. *See United States v. Lovasco*, 431 U.S. 783, 97 S.Ct. 2044, 52 L.Ed.2d 752 (1977).

We find that petitioner cannot demonstrate actual prejudice from the delay in the perfection of his appeal.

■ We reach this conclusion in light of the fact that the witnesses allegedly lost as a result of the delay in the perfection of the appeal testified at the first trial and that the record of their testimony would have been available at any retrial. It is purely speculative whether the use of transcripts rather than live witnesses would have been advantageous to petitioner, disadvantageous to petitioner, or have had no effect whatsoever; the latter alternative appears by far the most probable. Further, it is purely speculative whether the loss of these witnesses was in fact caused by the delay in the perfection of the appeal; it is quite possible that the witnesses became unavailable prior to that point in time at which a retrial would have been held had the delays allegedly due to the negligence of the Appellate Division or of attorneys appointed by the Appellate Division not have occurred and had petitioner not pled guilty following the remand of his case for a new trial.

■ We reason similarly with regard to petitioner's contention that he has been prejudiced by the fact that a confidential informant (who, according to the prosecution's contentions at petitioner's trial, introduced petitioner to an undercover officer with whom petitioner engaged in an illegal transaction involving the sale of drugs) has become unavailable, and so could not have been produced by the prosecution at a retrial had one taken place. We note that: (1) it is purely speculative whether the confidential informant became unavailable before or after the point in time at which a retrial would have been held had the delay in the perfection of the appeal not occurred and had petitioner not pled guilty following remand; (2) it is purely speculative whether any testimony by the confidential informant would have been favorable or unfavorable to petitioner; (3) it is purely speculative whether, had a retrial occurred, the state courts would have ordered the production of the confidential informant pursuant to state law. Accordingly, we cannot find that petitioner has been prejudiced by the unavailability of the confidential informant.

## VII. CONCLUSION

 We find that petitioner cannot demonstrate that he would have suffered actual prejudice at a retrial as a result of the delay in the perfection of his appeal allegedly attributable to the state, that the state therefore had a right to retry petitioner, and that petitioner's confinement pursuant to conviction, based upon petitioner's plea of guilty following the remand of his case for a new trial, violates no federal law.

## VIII. ORDER

The petition for a writ of habeas corpus is denied. The Clerk shall enter judgment in favor of the respondent and against the petitioner.

SO ORDERED.