**Frank COUSART, Petitioner-Appellant,**

**v.**

**Edward R. HAMMOCK, Chairman, New York State Board of Parole, Respondent-Appellee.**

No. 1477, Docket 84–2079.

United States Court of Appeals, Second Circuit.

Argued Aug. 8, 1984.

Decided Sept. 28, 1984.

Abraham Werfel, Jamaica, N.Y., for petitioner-appellant.

Jo Ann Becker, New York City (Robert Abrams, Atty. Gen. of the State of New York, Judith T. Kramer, Asst. Atty. Gen., New York City, of counsel), for respondent-appellee.

Before Van GRAAFEILAND and WINTER, Circuit Judges, and COFFRIN, District Judge.*

WINTER, Circuit Judge:

Since Judge Wexler's opinion, 580 F.Supp. 259 (E.D.N.Y.1984), familiarity with which is assumed, sets out the facts in detail, we need only summarize them briefly. Petitioner Cousart was convicted in June, 1975, in a New York state court of possessing and selling a controlled substance. A timely notice of appeal was filed but Cousart was incarcerated pending that appeal. The New York Appellate Division appointed a succession of attorneys to represent Cousart, some of whom later discovered conflicts of interest and one of whom was replaced on Cousart's *pro se* motion to expedite the appeal. His present counsel was appointed in December, 1978, and perfected the appeal in November, 1979. The over four year delay between the notice of appeal and its perfection and disposition is the basis for Cousart's present claims.

After hearing the appeal, the Appellate Division reversed Cousart's conviction and remanded for a retrial. He thereupon moved to dismiss the indictment on the grounds that he had been denied a speedy trial and that "the interests of justice" required dismissal. The motion was denied and Cousart pleaded guilty, reserving his right to appeal the stated issues. Both the Appellate Division, 85 A.D.2d 932, 447 N.Y. S.2d 84 (2d Dep't 1982), and the New York Court of Appeals, 58 N.Y.2d 62, 444 N.E.2d 971, 458 N.Y.S.2d 507 (1982), affirmed the conviction. Petitioner then filed a petition for habeas corpus, which Judge Wexler denied. This appeal followed. We affirm.

The petition raises four legal claims arising out of the delay in Cousart's appeal from his original conviction in the New York courts. He asserts a deprivation of his rights to: (i) effective assistance of counsel, (ii) a speedy trial, (iii) due process, and (iv) equal protection of the laws.[1] Since the effective assistance claim requires a showing of actual prejudice, *Strickland v. Washington*, —— U.S. ——, 104 S.Ct. 2052, 2067 (1984), and the speedy trial claim requires a balancing of pertinent factors, including prejudice, *Barker v. Wingo*, 407 U.S. 514, 530–33, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972), they differ from Cousart's formulation of his due process and equal protection claims, which, he argues, impose a *per se* rule requiring a dismissal of the indictment in circumstances such as the instant case. Judge Wexler held that all four claims had been raised in the state courts and were thus exhausted. Reaching the merits, he held against Cousart. We affirm on the grounds that the first two claims were preserved in the state courts but are meritless, and that the latter two were waived.

In *Daye v. Attorney General*, 696 F.2d 186, 194 (2d Cir.1982) (en banc), *cert. denied*, —— U.S. ——, 104 S.Ct. 723, 79 L.Ed.2d 184 (1984), we held that a petitioner will be found to have exhausted state remedies on a claim if there has been:

---

* The Honorable Albert W. Coffrin, Chief United States District Judge for the District of Vermont, sitting by designation.

1. We assume, but do not decide, that court appointment of counsel is sufficient state involvement to be the basis for the speedy trial, due process and equal protection claims. We also assume without deciding that Cousart had a continuing Sixth Amendment speedy trial interest following his conviction.

"(a) reliance on pertinent federal cases employing constitutional analysis,

(b) reliance on state cases employing constitutional analysis in like fact situations,

(c) assertion of the claims in terms so particular as to call to mind a specific right protected by the Constitution, [or]

(d) allegation of a pattern of facts that is well within the mainstream of constitutional litigation."

Since the speedy trial claim was raised *in haec verba* and the pattern of facts alleged in support raised questions about the adequacy of the assistance of counsel, both claims were presented to the New York state courts under the rule in *Daye.* However, the due process and equal protection claims, as formulated, differ in material respects from the speedy trial, ineffective assistance claims. Nevertheless, the record indicates that only the words "speedy trial" and "in the interests of justice" were used in the New York trial court, and we believe a court confronted with only those words would not be alerted to a novel claim asserting a *per se* rule.

■ Had matters been left in this posture, we would have to conclude that the petition raised both exhausted and unexhausted claims and should be dismissed under *Rose v. Lundy,* 455 U.S. 509, 102 S.Ct. 1198, 71 L.Ed.2d 379 (1982). However, in a footnote in his brief before the New York Court of Appeals, Cousart's counsel suggested that he had explicitly raised the due process, equal protection claims in an off-the-record colloquy before the trial judge and offered to supply his version of that colloquy at oral argument if so requested by the court. The Court of Appeals ignored this attempt to raise matters *dehors* the record, as appellant's counsel had good reason to anticipate from prior experience, *see People v. Ethrindge,* 36 A.D.2d 80, 319 N.Y.S.2d 761 (2d Dep't 1971), *aff'd without opinion,* 29 N.Y.2d 766, 276 N.E.2d 625, 326 N.Y.S.2d 564 (1971), particularly in the absence of any attempt to use formal procedures available to correct or amplify the record. *See, e.g.* N.Y.Civ.Prac.R. 5525 (McKinney 1978); N.Y.C.R.R. tit. 22, § 670.8 (1984) (both provisions applied to criminal appeals in Second Department by *id.* § 670.16). The Court of Appeals also concluded that, in light of the arguments before it, the due process, equal protection claims had been waived. We are thus confronted not with a failure to exhaust these claims but with a procedural default under New York law which bars our consideration of them absent a showing of cause and prejudice. *Wainwright v. Sykes,* 433 U.S. 72, 97 S.Ct. 2497, 53 L.Ed.2d 594 (1977). No such showing has been made. We need not, therefore, reach the merits with regard to those claims.

■ Having concluded that the due process, equal protection claims had been raised in the state courts, Judge Wexler reached the merits of those claims and denied them. He apparently believed that the denial of those claims also disposed of the effective assistance, speedy trial claims and thus declined to discuss them in his opinion. 580 F.Supp. at 268. Because we do not reach the merits of the due process, equal protection claims, we must address those issues not discussed by Judge Wexler. With regard to the effective assistance claim, his finding of lack of actual prejudice is, of course, sufficient to deny it under *Strickland v. Washington.* We also conclude that Cousart has failed to satisfy the balancing test of *Barker v. Wingo* with regard to his speedy trial claim. While the delay in hearing the appeal was lengthy, there is no showing of bad faith or improper motive in the appointment of counsel or in their delayed discovery of disqualifying factors. Moreover, Cousart was not prejudiced by the delay in securing a retrial since the transcript of previous testimony by any missing witnesses was available, and we have not been alerted to any prejudice resulting from the use of transcript rather than live testimony.

We therefore affirm.