*64 OPINION OF THE COURT
Jasen, J.
On this appeal, we are asked to decide whether a delay of almost five years between defendant’s conviction and the Appellate Division’s decision reversing that conviction and ordering a new trial constitutes either a violation of the defendant’s constitutional right to a speedy trial or his right to due process of the law.
Defendant was convicted, after a jury trial, of criminal sale of a controlled substance in the first and second degrees and criminal possession of a controlled substance in the first and third degrees. Judgment was entered June 4,1975 and defendant promptly filed a notice of appeal and a request to have counsel assigned. Although he had specifically requested that his trial counsel be assigned to handle the appeal, the Appellate Division appointed, over the next three and a half years, several different attorneys to pursue defendant’s case on appeal, before the attorney who would develop and argue defendant’s appeal was appointed. These changes in counsel were precipitated by pro se motions to expedite the appeals.
When the appeal was argued, defendant raised errors allegedly committed during the trial and contended that the excessive delay between the time of conviction and when his appeal was heard violated his right to a speedy trial, to due process and to equal protection of the law. In March, 1980, the Appellate Division reversed his conviction on the ground that defendant’s right to a public trial had been violated when, without any hearing, the courtroom was ordered cleared and closed prior to the testimony of the undercover police officer to whom defendant had *65 allegedly sold drugs. The Appellate Division did not address defendant’s other contentions, including his claims based on the excessive delay. The memorandum opinion states only that those claims did not require summary reversal. (74 AD2d 877, 878.)
Upon remand, defendant, by omnibus motion, again raised the claim that his constitutional rights had been violated by the unreasonable delay and sought to have the indictment dismissed. Special Term denied the motion on the basis of the papers submitted. Prior to trial, defendant pleaded guilty to one count of the indictment in full satisfaction of the charges against him. The judgment of conviction entered on the basis of that plea was unanimously affirmed, without opinion, by the Appellate Division.
Leave to appeal to this court was granted to determine whether the five-year delay in the appellate process had deprived the defendant of a protected right. Although we now affirm defendant’s conviction, we do so on an analysis which does not in any respect condone such excessive delays in the appellate process.
Defendant seeks to equate the right to appeal a conviction with the right to a speedy trial. In his brief to this court, he argues that this constitutional right to a speedy trial has been violated because it was over five years before he would have received his “first ‘fair trial’ ”. The underlying rationale of this argument is that because the Appellate Division found that his constitutional right to a public trial had been violated at his first trial, he had not yet received the trial guaranteed him by the Constitution. Thus, he concludes that a new trial scheduled some five years after the initiation of criminal proceedings against him cannot constitute a speedy trial within the meaning of the Sixth Amendment.
The error in defendant’s analysis is twofold. Defendant’s argument misperceives both the intent and the scope of the Sixth Amendment’s guarantee that everyone accused of a crime shall “enjoy the right to a speedy and public trial”.
The right to a speedy trial guaranteed by the Sixth Amendment to the United States Constitution is, of course, a fundamental right applicable in State prosecutions as *66 well as Federal prosecutions. (Klopfer v North Carolina, 386 US 213.) In determining the proper scope of this right, both this court and the Supreme Court have held that “excessive delay between institution of the prosecution — whether by felony information or complaint, detainer warrant or indictment — and the trial” constitutes a violation of an accused person’s right to a speedy trial. (People v White, 32 NY2d 393, 397, citing United States v Marion, 404 US 307, 320; People v Minicone, 28 NY2d 279, 281, cert den 404 US 853; People v Winfrey, 20 NY2d 138, 143-144; People u Prosser, 309 NY 353, 361.)
The Supreme Court has stated that “the purposes of the Sixth Amendment’s speedy trial provision [are] ‘to prevent undue and oppressive incarceration prior to trial, to minimize anxiety and concern accompanying public accusation and to limit the possibilities that long delay will impair the ability of an accused to defend himself.’ ” (United States v Marion, 404 US 307, 320, supra, quoting United States v Ewell, 383 US 116, 120.) While recognizing that undue delay may impair the defendant’s ability to present an effective defense, the court noted that “the major evils protected against by the speedy trial guarantee exist quite apart from actual or possible prejudice to an accused’s defense.” (United States v Marion, supra, at p 320.) Rather, the court concluded that the interference with a defendant’s liberty interests — his freedom of movement, the potential disruption of his family life and employment, and the public ridicule and anxiety occasioned by the filing of criminal charges against a person constitute the foundation for the accused’s right to a speedy trial. Thus, the right comes into existence at the time the initial accusatory instrument is filed.
But, here, we are asked to decide at what point in a criminal proceeding it can be said that a defendant has received all the guarantees associated with the Sixth Amendment’s right to a speedy trial. We conclude that the underlying rationale of the Sixth Amendment’s right to a speedy trial extends that fight only until the accused is brought to trial.* The fact that, on appeal, the defendant *67 may successfully challenge the propriety of that trial does not extend the Sixth Amendment’s guarantee of a speedy trial throughout the appellate process. When the accused is found guilty and incarcerated even as a result of a procedurally flawed trial, he can no longer be said to be in the “legal limbo” the Sixth Amendment is designed to protect against. The accusations raised against him have been supported and the anxiety of an unknown fate has been resolved. The fact that a State has chosen statutorily to provide the accused with additional protection in the form of appellate review does not serve to expand the scope of an accused’s speedy trial right. Nor does it mean that the purposes behind the speedy trial right will not be served properly. The accused will have been afforded the protections envisioned in assuring that he be promptly brought to trial.
Turning then to the case before us, we conclude that there was no violation of defendant’s Sixth Amendment right to a speedy trial. He was accorded a prompt trial which resulted in his conviction. At that point, the concerns addressed by the Sixth Amendment were served.
Similarly, we see no reason to expand the scope of New York’s statutory speedy trial right (CPL 30.20, 30.30) into the appellate process. The purposes behind the speedy trial right, codified in CPL 30.20 and 30.30, are fundamentally the same as those embodied in the Sixth Amendment. Thus, no additional reason for expanding this right to the appellate process is presented by the existence of a statutory speedy trial right.
It is more significant, we believe, that the Legislature, in establishing by statute both the right to an appeal (CPL 460.10 et seq.) and the right to a speedy trial has chosen to correlate those two rights only to the extent that any reasonable delay resulting from an appeal is not to be included when computing the time within which the People must be ready for trial. (CPL 30.30, subd 4, par [a].) Since the right to have an appellate court review one’s conviction derives not from the common law, but solely from a State’s statutory scheme (McKane v Durston, 153 US 684, 687), it would be within the province of the *68 Legislature to infuse the right to a speedy trial into the statutory right to pursue an appeal.
Of course, once a State grants the right to appellate review, it must insure that the appellate process affords all the protections guaranteed by the right to due process of law. (Griffin v Illinois, 351 US 12,18; Matter of Mitchell, 40 NY2d 153, 157.) Although we have never “drawn a fine distinction between due process and speedy trial standards”, we have held that “the State due process requirement of a prompt prosecution is broader than the right to a speedy trial guaranteed by statute (see CPL 30.20; see, also, CPL 30.30) and the Sixth Amendment (see United States v Marion, 404 US 307, supra; Klopfer v North Carolina, 386 US 213).” (People v Singer, 44 NY2d 241, 253.) The extent of those due process rights, however, cannot be ascertained by the application of an “absolute, simple or single standard.” (People v Staley, 41 NY2d 789, 792, supra.) Delays do not automatically mandate dismissals; rather, particularly in a postconviction proceeding, it is necessary that the defendant show that he has been prejudiced by the delay. (United States v Lovasco, 431 US 783, 789, reh den 434 US 881; People v Staley, supra.) In the past, in considering the due process ramifications of pretrial delay, we stated: “As with the right to speedy trial, the due process right to prompt prosecution must be tested on a balancing analysis, with seriousness of the crime and length of the delay being significant factors, among others”. (People v Staley, supra, at p 792.) Similarly, we hold now that in evaluating claims that a defendant’s due process rights have been violated by an unreasonable delay in the appellate process, the court must weigh factors similar to those considered in determining whether a defendant’s speedy trial rights were violated. (People v Taranovich, 37 NY2d 442; Doescher v Estelle, 454 F Supp 943, app dsmd 597 F2d 281.) Although a five-year delay prior to trial raises a presumption of prejudice (People v Singer, supra, at p 254), such a presumption need not be indulged with respect to delay in prosecuting an appeal, for the principle effects of prejudice — loss of memory by or disappearance of a witness or witnesses — will to a large extent be ameliorated by the availability of the record of *69 the trial which may be used to refresh the recollection of a witness who remains available or read as the prior testimony of a witness who cannot be found. Thus, a hearing will normally be required to determine whether or not in an individual case there has been a violation of the defendant’s due process rights resulting in prejudice which requires dismissal of the charges. At that hearing, it will be the defendant’s burden to show that he has been prejudiced by the delay.
In this case, the defendant’s success when his appeal was heard by the Appellate Division indicates that he suffered no prejudice in pursuing his case on appeal as a result of the delay between his conviction and the hearing of his appeal.
The defendant does argue that he was prejudiced in regard to his retrial because several witnesses disappeared during the five-year period his appeal was pending. Had he properly raised this claim to the trial court by asserting a violation of his due process rights, rather than his speedy trial rights, a hearing could have been held to determine the validity of this claim and whether the prejudice was attributable to the delay in the appellate process. In this case, defendant raised only claims that the indictment should be dismissed because his speedy trial right had been violated and that the interests of justice required dismissal of the indictment. This did not properly alert the court to claims of due process violations, or that a hearing might be required. Indeed, the only reference to due process in the motion are as it would relate to the defendant’s speedy trial rights.
Had the defendant properly alerted the court to potential due process violations, a hearing could have evaluated the claimed prejudice. This court cannot assume, without the benefit of a record compiled at such a hearing or at the retrial, that any prejudice did result. While the disappearance of key witnesses may well amount to prejudice, such cannot be assumed in this case where all those witnesses had testified at the first trial and their testimony would be available at the second trial.
We have considered the other contentions raised by defendant and find them to be without merit.
*70 Accordingly, the order of the Appellate Division should be affirmed.
Chief Judge Cooke and Judges Gabrielli, Jones, Wachtler, Fuchsberg and Meyer concur.
Order affirmed.

 Our ruling today would not, of course, preclude a defendant from making a new motion to dismiss the indictment on the ground that delays in the period between the reversal and retrial violated his speedy trial rights at retrial.