■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v BRUCE ROTHMAN, Respondent.—Appeal by the People from an order of the Supreme Court, Kings County (Held, J.), dated June 23, 1982, which dismissed an indictment charging the

defendant with manslaughter in the second degree and leaving the scene of an accident without reporting, on the ground that the defendant had been denied his constitutional and statutory right to a speedy trial.

Order reversed, on the law, indictment reinstated, and matter remitted to the Supreme Court, Kings County, for further proceedings.

CPL 30.30 (3) (a) states that that section does not apply when certain classes of offenses, including manslaughter in the second degree, are included in the indictment (see, People v Johnson, 38 NY2d 271; People v Rodriguez, 81 AD2d 840). However, the defendant is also guaranteed a speedy trial by the United States Constitution (US Const 6th, 14th Amends) and by CPL 30.20 (see, People v Taranovich, 37 NY2d 442).

In People v Taranovich (supra, at p 445), the Court of Appeals stated that "[t]he following factors should be examined in balancing the merits of an assertion that there has been a denial of defendant's right to a speedy trial: (1) the extent of the delay; (2) the reason for the delay; (3) the nature of the underlying charge; (4) whether or not there has been an extended period of pretrial incarceration; and (5) whether or not there is any indication that the defense has been impaired by reason of the delay."

The Taranovich court, however, cautioned that "no one factor or combination of [these] factors * * * is necessarily decisive or determinative of the speedy trial claim, but rather the particular case must be considered in light of all the factors as they apply to it" (People v Taranovich, supra, at p 445).

Balancing the factors listed above, we conclude that the court erred in dismissing the indictment. Much of the 28-month delay between indictment and the order dismissing the indictment was a result of consent adjournments (see, People v Kelly, 38 NY2d 633). Six months of the delay was a result of the People's taking an interlocutory appeal which time tends to weigh less heavily on the State when evaluating a constitutional speedy trial claim (see, People v Watts, 57 NY2d 299). Additionally, the serious nature of the crime charged required careful preparation by the People (see, People v Taranovich, supra). Lastly, the defendant was not incarcerated during this proceeding, a factor which must weigh against his claim (see, People v Taranovich, supra). Accordingly, the indictment must be reinstated.

The defendant's contention that the delay in perfecting this

appeal denied him his constitutional right to a speedy trial cannot be sustained because delays after the dismissal of an indictment are not susceptible to a speedy trial claim *(United States v Loud Hawk,* 474 US —, 88 L ed 2d 640). However, the defendant also contends that he was denied his constitutional right to due process because of the People's delay in perfecting the instant appeal. While New York has acknowledged such a due process right *(see, People v Cousart,* 58 NY2d 62), on the record before this court we are unable to determine the reason for the delay or the extent of prejudice, if any, suffered by the defendant *(see, People v Cousart, supra; People v Staley,* 41 NY2d 789). We also note that while the primary responsibility for assuring prompt prosecution rests with the People *(People v Staley, supra,* at p 793) the defendant could have made a motion to dismiss the appeal for lack of prosecution *(see,* CPL 470.60; 22 NYCRR 670.4; *People v Finley,* 107 AD2d 709). Accordingly, while we cannot, on the record before us, find a deprivation of due process, the defendant may make a motion at the trial level to dismiss the indictment on the ground that the lengthy delay in prosecuting this appeal deprived him of that right. The trial court will be better able to determine the reason for the delay and any prejudice which the defendant has suffered as a result. Niehoff, J. P., Lawrence, Kunzeman and Kooper, JJ., concur.