■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v CARL COLLIER, Respondent.—Appeal by the People from an order of the Supreme Court, Kings County (Coffinas, J.), dated July 11, 1984, which granted the defendant's motion to dismiss the indictment. The appeal brings up for review so much of an order of the same court, dated July 31, 1984, as, upon reargument, adhered to the original determination.

Ordered that the appeal from the order dated July 11, 1984 is dismissed, as that order was superseded by the order dated July 31, 1984, made upon reargument; and it is further,

Ordered that the order dated July 31, 1984 is reversed insofar as reviewed, on the law, and, upon reargument, the order dated July 11, 1984 is vacated, the defendant's motion to dismiss the indictment is denied, the indictment is reinstated, and the matter is remitted to the Supreme Court, Kings County, for further proceedings.

A Grand Jury returned an indictment against the defendant charging him, *inter alia,* with robbery in the first degree (two counts) and robbery in the second degree. At the time of the vote a quorum was present but only 12 jurors heard all the testimony which had been presented on four separate days. The Grand Jury was informed that only those members who heard all the evidence could vote. Criminal Term dismissed the indictment with leave to re-present on the ground that "there must be a minimum of sixteen of the same Grand Jurors present throughout the entire proceeding". Upon reargument, the court adhered to its original determination.

This court has held "that the Grand Jury is privileged to return an indictment so long as at least 12 of the grand jurors who voted to indict heard all the essential and critical evi-

dence" *(People v Infante,* 124 AD2d 86, 87). Accordingly, the indictment should be reinstated and the matter remitted to the Supreme Court, Kings County, for further proceedings.

The defendant contends that he was denied his constitutional right to due process because of the People's delay in perfecting the instant appeal *(see, People v Cousart,* 58 NY2d 62). On the record before us we cannot find a deprivation of that right. The trial court, however, is in a better position to determine any prejudice which the defendant has suffered and the reason for the delay. The defendant may move at the trial level to dismiss the indictment on the ground that the delay in prosecuting this appeal denied him his constitutional right to due process *(see, People v Rothman,* 118 AD2d 738, 739-740). Mangano, J. P., Niehoff, Kooper and Spatt, JJ., concur.