■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DARREN ROBINSON, Appellant.—Appeal by the defendant from a judgment of the County Court, Nassau County (Baker, J.), rendered June 29, 1989, convicting him of criminal possession of a weapon in the second degree, reckless endangerment in the first degree, unauthorized use of a vehicle in the first degree, criminal possession of stolen property in the third degree, and menacing, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant contends that his conviction of reckless endangerment in the first degree should be reversed because the evidence was legally insufficient to establish that he acted under "circumstances evincing a depraved indifference to human life" (Penal Law § 120.25). We disagree. The evidence presented at the trial established that on the afternoon of November 13, 1988, the defendant drove to the home of his former girlfriend, pulled out two guns, and fired several shots in the street, where a group of at least five people were standing. The defendant additionally fired shots in the direction of his former girlfriend's uncle, and in the direction of one of her neighbors. Viewing the evidence in the light most favorable to the prosecution (see, People v Contes, 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt.

The defendant additionally contends that the verdict was against the weight of the evidence because the only witnesses to identify him as the shooter were his former girlfriend and her neighbors. However, resolution of issues of credibility, as well as the weight to be accorded to the evidence presented, are primarily questions to be determined by the jury, which saw and heard the witnesses (see, People v Gaimari, 176 NY 84, 94). Its determination should be accorded great weight on appeal, and should not be disturbed unless clearly unsupported by the record (see, People v Garafolo, 44 AD2d 86, 88). Upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (see, CPL 470.15 [5]).

We further find that the Supreme Court properly denied the defendant's motion to dismiss the criminal possession of stolen property charge upon the ground that the prosecutor's opening statement was inadequate. Contrary to the defendant's contention, the prosecutor's opening statement, which advised the jury that the People intended to prove that the defendant was in possession of a stolen vehicle which he did not have permission to use, was sufficient to enable the jury to "intelligently understand the nature of the [subject charge]" (People v Kurtz, 51 NY2d 380, 384, cert denied 451 US 911).

The defendant's additional claim that he was denied his right to have a particular juror chosen (see, People v Page, 72 NY2d 69, 73), is unpreserved for appellate review because the defendant failed to object to the juror's dismissal at a time when the trial court could correct the claimed error (see, CPL

470.05 [2]; *People v Hopkins,* 76 NY2d 872, 873; *People v Peters,* 175 AD2d 220).

The defendant's sentence was neither harsh nor excessive *(see, People v Suitte,* 90 AD2d 80). Sullivan, J. P., Eiber, O'Brien and Ritter, JJ., concur.