■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WAYNE DRUMMOND, Appellant.—Judgment, Supreme Court, Bronx County (Ivan Warner, J.), rendered September 3, 1991, convicting defendant, after a jury trial, of manslaughter in the first degree, and sentencing him to a term of 8⅓ to 25 years, unanimously affirmed.

Defendant's argument that he was denied a fair trial due to

the People's failure to give him CPL 710.30 (1) notice of their intention to offer his alibi statement is unpreserved for appellate review (CPL 470.05 [2]). In any case, CPL 710.30 (1) is inapplicable since the statement was not offered as part of the People's direct case, but elicited on redirect examination of the detective after defendant had opened the door to further inquiry regarding the statement (see, People v Harris, 25 NY2d 175, affd 401 US 222).

Defendant's argument that the court improperly permitted a six-year old child to testify as an unsworn witness is unpreserved (CPL 470.05 [2]). In any case, the record of the court's voir dire of the witness does not demonstrate that the court abused its discretion in concluding that the child had the requisite intelligence and capacity to testify at trial (CPL 60.20 [2]; see, People v Rivers, 149 AD2d 544, 545). Furthermore, there is no merit to defendant's unpreserved argument that the testimony of the unsworn witness was impermissibly bolstered by the prosecutor's inquiry of that witness and the testimony of two detectives.

Defendant was not deprived of the effective assistance of counsel due to the failure of his trial counsel to request an instruction on the lesser included offense of manslaughter in the second degree (see, People v Rivera, 166 AD2d 367, 368, lv denied 77 NY2d 842). The charge was not warranted since there was no reasonable view of the evidence that defendant recklessly killed his mother, and, in any event, it cannot be concluded that counsel's failure to request the charge was not a tactical decision (People v Vargas, 150 AD2d 513, 514, lv denied 74 NY2d 853).

Finally, we reject defendant's argument that his right to be present at all material stages of the trial was violated when several conferences with sworn jurors addressing matters that could lead to their disqualification were conducted in his absence (People v Grant, 178 AD2d 283, 284, lv denied 79 NY2d 920; see also, People v Torres, 80 NY2d 944). Concur—Sullivan, J. P., Milonas, Wallach, Ross and Asch, JJ.