■ STEVEN D. BURDICK, Plaintiff, v RANDALL E. BRATT et al., Defendants. RANDALL E. BRATT et al., Third-Party Plaintiffs-Respondents, v CAROL A. FIELDS, Third-Party Defendant-Appellant. (Appeal No. 4.) [612 NYS2d 994] —Judgment unanimously modified on the law and as modified affirmed without costs and matter remitted to Supreme Court for further proceedings in accordance with same Memorandum as in *Burdick v Bratt* (203 AD2d 950 [decided herewith]). (Appeal from Judgment of Supreme Court, Oswego County, Nicholson, J.—Negligence.) Present—Denman, P. J., Green, Fallon, Callahan and Doerr, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL P. FOLEY, Appellant. [612 NYS2d 1022] —Judgment unanimously affirmed. Memorandum: County Court did not err in admitting in evidence the electrical cord, the nylon stocking and the pillow *(see, People v Julian,* 41 NY2d 340, 342; *People v Connelly,* 35 NY2d 171, 174). In any event, in light of the overwhelming proof of defendant's guilt, the admission of that evidence is harmless *(see, People v Crimmins,* 36 NY2d 230, 242). Defendant was not denied due process of law by the delay in the assignment of appellate counsel to prosecute the appeal because he failed to demonstrate prejudice as a result of that delay *(see, People v Cousart,* 58 NY2d 62; *People v Barber,* 154 AD2d 882, *lv denied* 75 NY2d 810, 917; *People v Pratt,* 149 AD2d 956). Lastly, we are satisfied that the sentencing court considered all appropriate factors in imposing sentence and we find no basis on the record to substitute our discretion for that of the sentencing court *(see, People v Farrar,* 52 NY2d 302). (Appeal from Judgment of Herkimer County Court, Bergin, J.—Robbery, 1st Degree.) Present—Pine, J. P., Balio, Lawton, Davis and Boehm, JJ.