■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSE RODRIGUEZ, True Name TERRY SANTANA, Appellant. [631 NYS2d 348] —Judgment, Supreme Court, New York County (Thomas Galligan, J.), rendered March 31, 1993, convicting defendant, after a jury trial, of criminal sale of a controlled substance in the third degree, and sentencing him, as a second felony offender, to a term of 4½ to 9 years, unanimously affirmed.

Defendant was not denied the effective assistance of trial counsel. Defendant was arrested ten minutes after allegedly selling a glassine envelope of heroin to an experienced undercover officer who provided a precise, detailed description of defendant to the backup team, and defendant was found in possession of two pre-recorded $5 bills that the undercover officer used to purchase the heroin. Defendant's explanation of the occurrence, that he was a drug user and had received the pre-recorded bills as change for a drug purchase he had made minutes before his arrest, while inherently improbable, is an increasingly common one offered by defendants in "buy and bust" operations who are found in possession of pre-recorded bills. Counsel was compelled to concede that his client was an addict, a user of aliases, and a petty thief, facts that were consistent with the asserted defense, and which had been brought out in connection with defendant's impeachment by his prior record on cross-examination.

While counsel might have moved to exclude, as prejudicial, evidence of the $142 in unmarked money found in defendant's possession upon his arrest, we note that the People did not argue that this circumstance was inculpatory, and we find that its introduction was harmless (see, People v Perez, 185 AD2d 147, lv denied 80 NY2d 976). Accordingly, our review of the record as a whole does not support defendant's present claim that he was denied the effective assistance of counsel. Concur—Sullivan, J. P., Ellerin, Kupferman, Ross and Tom, JJ.