■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JESUS AGUILAR, Appellant. [639 NYS2d 75] —Appeal by the defendant from a judgment of the County Court, Nassau County (Dunne, J.), rendered February 4, 1993, convicting him of sodomy in the first degree, sexual abuse in the first degree, and endangering the welfare of a child, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's contention that he was deprived of the effective assistance of counsel is without merit. The defendant's trial counsel presented competent opening and closing statements, effectively cross-examined the People's witnesses, elicited testimony that weakened the People's case, and forcefully pursued his theory that another person was the perpetrator. Most of the alleged errors committed by trial counsel constituted plausible trial tactics or had other legitimate explanations. The mere fact that the strategy pursued by counsel was not successful does not render trial counsel's assistance ineffective *(see, People v Davis,* 220 AD2d 445; *People v Ross,* 209 AD2d 730). Viewing the evidence, the law, and the circumstances together as of the time of representation, we find that the defendant's right to the effective assistance of counsel was satisfied *(see, People v Flores,* 84 NY2d 184; *People v Baldi,* 54 NY2d 137; *People v Pollard,* 220 AD2d 463; *People v DeFina,* 213 AD2d 665; *People v Ransome,* 207 AD2d 504; *People v Finch,* 199 AD2d 278).

The defendant's further contentions are unpreserved for appellate review or, in any event, without merit *(see, People v Balls,* 69 NY2d 641; *People v Parks,* 41 NY2d 36; *People v*

*Pilgrim,* 208 AD2d 868; *People v Drummond,* 188 AD2d 312; *see also, People v Cousart,* 58 NY2d 62; *People v Foley,* 203 AD2d 952). Bracken, J. P., Rosenblatt, Miller and Friedmann, JJ., concur.