THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EVERETT KINSLER, Appellant. [643 NYS2d 633]

Contrary to the defendant's contention, the record indicates that the Supreme Court, in ruling that the prosecution could cross-examine the defendant concerning his two prior convictions involving the sale of controlled substances, properly balanced the probative worth of the evidence for impeachment purposes against the risk of prejudice to the defendant (*see, People v Rahman,* 46 NY2d 882; *People v Sandoval,* 34 NY2d 371). Furthermore, the mere similarity between the prior convictions and the crime charged herein does not automati-

cally preclude such inquiry by the prosecution (*see, People v Pavao,* 59 NY2d 282, 292; *People v Roman,* 190 AD2d 831). In addition, the fact the two prior drug convictions were five years old at the time of trial did not, by itself, mandate a contrary ruling (*see, People v Simmons,* 213 AD2d 433, 434; *People v Scott,* 118 AD2d 881). Accordingly, the trial court's *Sandoval* ruling was not an improvident exercise of discretion.

The sentence imposed is not excessive (*see, People v Suitte,* 90 AD2d 80). Ritter, J. P., Pizzuto, Santucci and Krausman, JJ., concur.