■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CESAR RAMIREZ, Also Known as CEASAR RAMIREZ, Appellant. [663 NYS2d 855] —Appeal by the defendant from a judgment of the Supreme Court, Westchester County (Marasco, J.), rendered June 15, 1987, convicting him of murder in the second degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress statements made by him to law enforcement officials.

Ordered that the judgment is affirmed.

We find no merit to the defendant's contention that he was denied due process as a result of pre-indictment delay. We note that his motion to dismiss on that ground, made at trial at the close of the People's case, was untimely (*see,* CPL 210.20 [1] [f]; [2]; 255.20 [1]). In any event, the motion was properly denied, as the record indicates that the People had good cause for the delay (*see,* CPL 30.10 [2] [a]; *People v Singer,* 44 NY2d 241, 254; *People v Curro,* 161 AD2d 784, 786).

In addition, there is no merit to the defendant's claim that the delay in the prosecution of this appeal deprived him of due process. The nearly seven-year delay between the filing of the defendant's notice of appeal and this court's assignment of counsel on this appeal, caused primarily by the defendant's

repeatedly insufficient applications for poor person relief and his search for relief in the Federal courts, is for the most part attributable to the defendant. Considering the lack of prejudice to the defendant, it cannot be said that he was denied due process (*see, People v Cousart,* 58 NY2d 62; *People v Foley,* 203 AD2d 952; *People v Gonzalez,* 184 AD2d 525).

The hearing court's finding that the defendant was not in custody at the time of his statements to Officer Magrone is supported by the record, and we find no basis for disturbing it. Officer Magrone spoke to the defendant in his home in the early morning hours shortly after the death of his wife in their bedroom. In these circumstances, a reasonable person innocent of any crime would not have believed that he was in custody (*see, People v Yukl,* 25 NY2d 585; *People v Tankleff,* 199 AD2d 550, *affd* 84 NY2d 992; *People v Gomez,* 192 AD2d 549).

The trial court's *Sandoval* ruling was not an improvident exercise of discretion inasmuch as the prior convictions upon which inquiry was allowed were relevant to the defendant's propensity to place his own interests over those of society. The court's ruling involved a proper balancing of the probative worth of the evidence for impeachment purposes against the risk of prejudice to the defendant (*see, People v Kinsler,* 228 AD2d 452; *People v Harvey,* 212 AD2d 730).

Viewing the evidence in the light most favorable to the prosecution (*see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see,* CPL 470.15 [5]).

The defendant's remaining contentions, including those raised in his supplemental *pro se* brief, are without merit. Copertino, J. P., Sullivan, Friedmann and Luciano, JJ., concur.