■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v NATHANIEL HARRIS, Appellant. [708 NYS2d 637] —Appeal by the defendant from a judgment of the Supreme Court, Suffolk County (Mullen, J.), rendered February 26, 1999, convicting him of criminal contempt in the first degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The Supreme Court providently exercised its discretion in determining after a Sandoval hearing that if the defendant testified, the prosecutor could impeach him with the facts that he was convicted of attempted sale of a controlled substance and that he subsequently violated the sentence of probation imposed on that conviction. The court precluded inquiry as to the underlying facts of the conviction and the violation (*see, People v Sandoval,* 34 NY2d 371, 374-375; *People v Pavao,* 59 NY2d 282; *People v Espinoza,* 241 AD2d 554; *People v Kinsler,* 228 AD2d 452).

The sentence imposed was not excessive (*see, People v Suitte,* 90 AD2d 80). O'Brien, J. P., McGinity, Luciano and Schmidt, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT HAYWOOD, Appellant. [709 NYS2d 840] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Demarest, J.), rendered February 13, 1998, convicting him of robbery in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's claim regarding the exercise of peremptory challenges is unpreserved for appellate review and we decline to reach it in the exercise of our interest of justice jurisdiction (*see,* CPL 470.05 [2]; *People v Robinson,* 180 AD2d 767). Santucci, J. P., Altman, Krausman and Feuerstein, JJ., concur.