■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KYLE LEMMA, Appellant. [711 NYS2d 3] —Judgment, Supreme Court, New York County (Martin Rettinger, J.), rendered May 11, 1999, convicting defendant, after a jury trial, of two counts of assault in the first degree, and sentencing him to concurrent terms of 5 to 10 years, unanimously affirmed.

The verdict was based on legally sufficient evidence and was not against the weight of the evidence. There is no basis upon which to disturb the jury's determinations concerning credibility. Although defendant argues on appeal that the People's evidence did not establish that he was the person who stabbed the victim, defendant admitted that fact in his own testimony wherein he asserted a justification defense, and "it is settled that a defendant who does not rest after the court fails to grant a motion to dismiss at the close of the People's case, proceeds with the risk that he will inadvertently supply a deficiency in the People's case." (*People v Kirkpatrick*, 32 NY2d 17, 21.) In any event, even if the People's evidence is considered alone, the inference is inescapable that defendant was the assailant (*see, People v Ayala*, 75 NY2d 422, 432).

Since defendant's ineffective assistance claim rests primarily on matters of trial strategy, it would require a CPL 440.10 mo-

tion so that the record could be expanded with respect to the reasons for trial counsel's strategic choices. To the extent the present record permits review, it clearly demonstrates that defendant received meaningful representation (*see, People v Benevento*, 91 NY2d 708, 713-714). Under the circumstances of the case, it was appropriate to concede defendant's identity as the assailant and focus instead upon the justification defense, and counsel's conduct of the trial, including his choice of legal and factual issues to raise, was consistent with this strategy. We note counsel's success in obtaining for defendant an acquittal of the charge of attempted murder.

We have considered and rejected defendant's remaining claims. Concur—Williams, J. P., Tom, Ellerin, Andrias and Saxe, JJ.