■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v DASHON HINES, Respondent. [717 NYS2d 443] —Order unanimously reversed on the law, motion denied, verdict reinstated and matter remitted to Supreme Court for sentencing. Memorandum: The People appeal from an order granting defendant's CPL 330.30 motion to set aside the verdict convicting defendant after a jury trial of criminal possession of a controlled substance in the first degree (Penal Law § 220.21 [1]). Defendant was acquitted of the remaining two counts of the indictment. Defendant was tried with a codefendant, who was found guilty on the three counts of the indictment. The conviction arises from the seizure of cocaine from an apartment leased to defendant by the Syracuse Housing Authority. Police and fire authorities observed the cocaine when they entered the apartment to ascertain whether a fire from the apartment below had spread to the apartment leased to defendant. No one was present in the apartment when the police initially entered it, or when they executed the search warrant.

The People's theory at trial was that defendant constructively

possessed the cocaine by exercising dominion and control over the apartment (see, People v Manini, 79 NY2d 561, 573-574), used by defendant and codefendant as a "stash house," i.e., a place to keep drugs and money and to package drugs for sale. The People presented evidence that defendant leased the apartment, had a key to the apartment, and received mail there. Supreme Court denied defendant's motion for a trial order of dismissal at the close of the People's case (see, CPL 290.10). Defendant then testified that he did not live in the apartment and presented other evidence to that effect. Defendant admitted on cross-examination, however, that he sublet the apartment to codefendant and that he still considered the apartment his and used his key to enter the apartment if codefendant was not there. Defendant did not renew his motion to dismiss at the close of proof.

In granting defendant's motion to set aside the verdict, the court erroneously applied the Federal standard (see, United States v Thomas, 987 F2d 697, 704, n 4), reviewing only the People's proof with respect to defendant's contention that the proof was legally insufficient to establish constructive possession. Utilizing that standard, the court determined that the proof was legally insufficient to prove that defendant exercised control over the bedroom where approximately 14 ounces of cocaine were found by police. "[I]t is settled that a defendant who does not rest after the court fails to grant a motion to dismiss at the close of the People's case, proceeds with the risk that he will inadvertently supply a deficiency in the People's case" (People v Kirkpatrick, 32 NY2d 17, 21, appeal dismissed 414 US 948; see, People v Lemma, 273 AD2d 180). The court was required to review all of the evidence in determining the issue of legal sufficiency, i.e., "whether any valid line of reasoning and permissible inferences could lead a rational person to the conclusion reached by the fact finder on the basis of the evidence at trial, viewed in the light most favorable to the People" (People v Williams, 84 NY2d 925,926; see, People v Bleakley, 69 NY2d 490, 495). The court further erred in determining that the proof was legally insufficient to establish knowledge. The court was precluded from determining that the denial by defendant that he knew that cocaine was in the apartment was sufficient to negate the inference of knowledge (see generally, People v Walzer, 227 AD2d 945, 945-946, lv denied 88 NY2d 1072). The court is limited to those issues that are preserved for appellate review (see, CPL 330.30 [1]; People v Sheltray, 244 AD2d 854, lv denied 91 NY2d 897), and defendant failed to preserve the issue for review (see, CPL 470.05 [2]).

Upon our review of the record, we conclude that the convic-

tion is supported by legally sufficient evidence (*see, People v Williams, supra,* at 926). We therefore reverse the order, deny defendant's motion, reinstate the verdict and remit the matter to Supreme Court for sentencing. (Appeal from Order of Supreme Court, Onondaga County, Brunetti, J.—Set Aside Verdict.) Present—Hayes, J. P., Hurlbutt, Scudder, Kehoe and Lawton, JJ.