█ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BONAFACIO REYES, Appellant. [731 NYS2d 737] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Chambers, J.), rendered April 29, 1999, convicting him of criminal sale of a controlled substance in the third degree, criminal possession of a controlled substance in the third degree, and

criminal possession of a controlled substance in the fourth degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's contention that he was deprived of the effective assistance of counsel is without merit. The evidence at trial disclosed that the defendant sold one glassine of heroin to an undercover police officer. The defendant, who was arrested by the backup team minutes after the sale, was found in possession of 48 bags of cocaine. Under the circumstances of the case, it was reasonable for the defense counsel to concede possession of the cocaine and focus instead on the sale of heroin (*see, People v Lemma,* 273 AD2d 180; *see also, People v Rodriguez,* 219 AD2d 545). Defense counsel's trial strategy, which was to pursue a mistaken identity defense, consistently argued that the defendant was not the seller. Such a defense was a reasonable and plausible defense strategy in view of the evidence in the case (*see, People v Williams,* 245 AD2d 400; *People v Aguilar,* 224 AD2d 704). The fact that this strategy was unsuccessful does not render the defense counsel's performance incompetent or indicate that the defendant was denied meaningful representation (*see, People v Benevento,* 91 NY2d 708; *People v Baldi,* 54 NY2d 137, 147; *People v Aguilar, supra*). Defense counsel made the proper pretrial motion, vigorously pursued a mistaken identity defense, cross-examined the People's witnesses, and called witnesses on the defendant's behalf consistent with the defense strategy. Viewing the evidence, the law, and the circumstances together as of the time of representation, we find that the defendant's right to the effective assistance of counsel was satisfied (*see, People v Benevento, supra*; *People v Baldi, supra*; *People v Aguilar, supra*). Krausman, J. P., McGinity, H. Miller and Smith, JJ., concur.