Smith, J.
(dissenting). Because I believe that the evidence is insufficient to convict the defendant and that the People did not prove defendant’s guilt beyond a reasonable doubt, I dissent.
Defendant was found guilty of criminal possession of a con *63 trolled substance in the first degree (Penal Law § 220.21 [1]). He was acquitted of two other counts in the indictment charging him with criminal possession of a controlled substance in the third degree (Penal Law § 220.16) and criminally using drug paraphernalia in the second degree (Penal Law § 220.50 [3]).
The evidence was that the defendant leased an apartment in a Syracuse housing project. On December 1, 1998, a fire occurred in the apartment below that leased by the defendant. When the firefighters entered defendant’s empty apartment to see if the fire had spread, they found what appeared to be drugs and drug paraphernalia. The police were summoned and a search warrant obtained. Drugs were found in a coat in a bedroom closet and in a hall closet.
On the People’s case, a lease compliance supervisor testified that defendant began living in the housing complex on March 12, 1998. No subleasing was allowed under the lease agreement. She further testified that defendant asked for duplicate keys on four different occasions. On two separate occasions, he received a duplicate key for the outside door of the building. On another occasion, he received duplicate keys for both the outside door and for his own apartment. On December 1, 1998, defendant received another duplicate key for his own apartment. On that same date, around 12:11 p.m., defendant filed a form indicating that he was terminating the lease immediately. Another witness testified that in the kitchen he found a Time-Warner cable bill addressed to the defendant. Another witness testified to finding in a shoe box on the bathroom floor a postcard addressed to defendant.
At the close of the People’s case, defendant moved, pursuant to CPL 290.10, for a trial order of dismissal on the grounds that the evidence was not legally sufficient to establish defendant committed criminal possession of a controlled substance in the first degree. The court denied the motion "at this time.”
Defendant testified that he had moved into the apartment in March 1998. In April, a cousin moved in with him, but the defendant asked his cousin to leave the apartment after three weeks following an argument. Defendant testified further that around May 19, 1998, without the required agreement of the Syracuse Housing Authority, he sublet his apartment to someone else and moved out of the apartment, returning only to collect rent from the subtenant. That person moved out of the apartment, and it was rented to another person, the codefen *64 dant here. The defendant’s testimony that he had moved out of the apartment was confirmed by several witnesses, including two friends, his fiancée and his mother.
On the day of the fire, defendant had surrendered the lease to the Syracuse Housing Authority. He had also visited the apartment on that morning seeking rent from the codefendant. He testified that he spoke to the codefendant from outside the bedroom where the codefendant was sleeping.
At the close of the defendant’s case, the trial court immediately held a conference concerning the charge to the jury and did not ask if there were any motions. The defendant did not move for a trial order of dismissal pursuant to CPL 290.10. He did, however, during the charge conference, ask that the charge be reduced. Subsequent to the jury’s verdict, defendant moved to set aside the guilty verdict pursuant to CPL 330.30 (1). He contended that the evidence was legally insufficient to find him guilty. The trial court set aside the verdict on the grounds that the evidence was insufficient to convict the defendant of criminal possession of a controlled substance in the first degree. The Appellate Division reversed and reinstated the verdict, concluding that after examining all of the evidence, it was legally sufficient to convict defendant.
On this appeal, defendant argues that the trial court properly set aside the verdict pursuant to CPL 290.10 and properly limited its decision to the People’s direct case. The People contend that viewing all of the evidence, it was legally sufficient to find the defendant guilty beyond a reasonable doubt, and the Appellate Division properly reinstated the guilty verdict.
At the outset, it is necessary to review what the trial court did at the time the CPL 330.30 motion was made. The court concluded that it made a mistake when it denied defendant’s motion for a trial order of dismissal at the close of the People’s case. It then proceeded to reexamine the evidence at the conclusion of the People’s case and concluded that it was insufficient as to defendant’s knowledge of and control over the cocaine in a jacket in the bedroom.
This is a circumstantial evidence case. The jury was so instructed and was further instructed that the evidence had to indicate beyond a reasonable doubt that defendant had constructive knowledge not only of the cocaine in the hall closet *65 but also of the cocaine in a jacket in a bedroom closet.* It was further instructed that the evidence had to be consistent only with the guilt of the defendant and could not be consistent with both guilt and innocence.
When the trial court denied defendant’s motion for a trial order of dismissal, it stated that it was denying the motion “at this time.” In its decision granting defendant’s motion to set aside the verdict, the court stated that it had an obligation to revisit the issue of legally sufficient trial evidence in accordance with CPL 300.30 (1) and 300.40. The court concluded that defendant “was forced to defend against a particular count for which there was no legally sufficient trial evidence” and was forced to defend against additional proof introduced by his codefendant. Having concluded that it made a mistake when it denied defendant’s motion for a trial order of dismissal at the close of the People’s case, the court considered only the People’s evidence on the CPL 330.30 motion.
Independent of any motion by the defendant, a trial court has an obligation to give a jury only those counts of an indictment for which there is legally sufficient evidence. Thus, CPL 300.30 (1) states in part, ‘When the court ‘submits a count,’ it must, at the least, submit the offense charged therein if such is supported by legally sufficient trial evidence, or if it is not, the greatest lesser included offense which is supported by legally sufficient trial evidence.” CPL 300.40 states, “The court may submit to the jury only those counts of an indictment remaining therein at the time of its charge which are supported by legally sufficient trial evidence, and every count not so supported should be dismissed by a trial order of dismissal.” Nothing in these two sections prohibits a trial court, on its own mo *66 tion, from visiting or revisiting the issue of legally sufficient evidence.
In People v Carter (63 NY2d 530, 536-537), this Court stated:
“The power granted a Trial Judge by CPL 330.30 (subd 1) to set aside a verdict when reversal as a matter of law by an appellate court would be required is, as concerns proof of guilt, therefore, normally limited to a determination that the trial evidence was not legally sufficient to establish the defendant’s guilt of an offense of which he was convicted (CPL 470.15, subd 4, par [b]). Additionally, even though the evidence meets the statutory test for legal sufficiency (CPL 70.10, subd 1), there are instances in which an appellate court can decide that the evidence is inadequate as a matter of law to prove the defendant’s guilt beyond a reasonable doubt (see, e.g., People v Reed, 40 NY2d 204, 206-209 [testimony of sole witness essentially exculpatory]). Thus, Carter’s conviction could have been set aside under CPL 330.30 only if based upon insufficient evidence or evidence which as a matter of law was inadequate to prove guilt beyond a reasonable doubt.”
An argument by defendant that the evidence is insufficient must be preserved by a proper motion or statement (People v Gray, 86 NY2d 10). There are two bases of preservation here. First, it is clear that defendant raised the issue of the sufficiency of the evidence at the end of the People’s case. He could have and should have raised it again at the end of the whole case. He did not. Since defendant raised the sufficiency issue at the close of the People’s case, he can raise it again on an appeal (CPL 470.05). The fact that defendant did not raise the sufficiency issue at the close of defendant’s case does not mean that the sufficiency issue is not before us. When defendant puts on a case, it means that the trial court, as well as the reviewing court, may look at all of the evidence when it determines whether the evidence is legally sufficient. This is all that People v Kirkpatrick (32 NY2d 17) stands for on the issue of the sufficiency of the evidence. Second, granting that defendant, by putting on a case, “proceeds with the risk that he will inadvertently supply a deficiency in the People’s case” (People v Kirkpatrick, id., at 21), the issue of whether all of the evidence was legally sufficient to convict the defendant is before us. The *67 People argued before the Appellate Division that their proof was legally sufficient. The Appellate Division, viewing the whole case, stated, “[W]e conclude that the conviction is supported by legally sufficient evidence.” (278 AD2d 850-851.) The People have argued the sufficiency of the evidence in their brief submitted to this Court. The issue of whether the evidence was legally sufficient beyond a reasonable doubt is thus squarely before us.
Viewing all of the evidence in the light most favorable to the People, my assessment is that the evidence to convict defendant is legally insufficient to prove defendant’s guilt beyond a reasonable doubt. It should be emphasized that the defendant here was not charged with acting in concert with the codefendant. Thus, even though both were tried together, each defendant was entitled to an assessment of the evidence as to him. Here, the evidence was insufficient beyond a reasonable doubt to prove that defendant knew of, constructively possessed or had control over the cocaine in a jacket in the bedroom closet (People v Manini, 79 NY2d 561, 573-575).
Accordingly, I dissent.
Chief Judge Kaye and Judges Levine, Ciparick, Wesley and Rosenblatt concur with Judge Graffeo; Judge Smith dissents in a separate opinion.
Order affirmed.

 The decision of the trial court on defendant’s CPL 330.30 motion states, “The first count of the indictment charged the defendant with Criminal Possession of a Controlled Substance in the First Degree in violation of Penal Law § 220.21 (1) and alleged that he possessed more than four ounces of cocaine found in the bedroom closet in a jacket pocket. The second count charged the defendant with Criminal Possession of a Controlled Substance in the Third Degree under the ‘intent to sell’ provision of Penal Law § 220.16 (1) and was based upon cocaine in a hallway closet as well as the sheer weight of the cocaine in the bedroom closet. The third count charged the defendant with Criminally Using Drug Paraphernalia in the Second Degree in violation of CPL § 220.50 (3).” Immediately after the court discharged the jury, defendant argued that the verdict was repugnant in that both the charge for which defendant had been acquitted and the charge for which he was convicted required knowledge and control. The members of the jury had already departed the courthouse and could not be called back.