■ The People of the State of New York, Respondent, v Dashon Hines, Appellant. [752 NYS2d 480] —Appeal from a judgment of Supreme Court, Onondaga County (Brunetti, J.), entered November 30, 2001, convicting defendant after a jury trial of criminal possession of a controlled substance in the first degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him following a jury trial of criminal possession of a controlled substance in the first degree (Penal Law § 220.21 [1]). In a prior appeal by the People, we reversed an order setting aside the verdict pursuant to CPL 330.30 and reinstated the verdict (*People v Hines,* 278 AD2d 849, *affd* 97 NY2d 56, *rearg denied* 97 NY2d 678). The conviction arises from defendant's constructive possession of a quantity of cocaine that was discovered by police in the bedroom of an apartment leased to defendant and subleased to codefendant. The police had entered the apartment to determine whether a fire from the apartment below had spread to the apartment. Defendant was acquitted of the constructive possession of, inter alia, cocaine that was found in the pantry of the apartment. As we previously determined in the People's appeal, the conviction is supported by legally sufficient evidence (*see id.* at 850-851). We further conclude that, although "a different finding would not have been unreasonable," the verdict is not against the weight of the evidence (*People v Bleakley,* 69 NY2d 490, 495). We reject defendant's further contention that Supreme Court erred in refusing to grant defendant's motion for a trial order of dismissal at the close of the People's proof. "[A] defendant who presents evidence after a court has declined to grant a trial motion to dismiss made at the close of the People's case waives subsequent review of that determination" (*Hines,* 97 NY2d at 61).

We reject defendant's contention that the imposition of the minimum sentence of 15 years to life imprisonment (*see* Penal Law § 70.00 [2] [a]; [3] [a] [i]) constitutes cruel and unusual punishment. "Regardless of its severity, a sentence of imprisonment which is within the limits of a valid statute ordinarily is not a cruel and unusual punishment in the constitutional sense. There were present here no exceptional circumstances which would justify a variance from this general rule" (*People v Jones,* 39 NY2d 694, 697 [internal citations omitted]; *see also People v Thompson,* 83 NY2d 477). We reject the further contention of defendant that he was deprived of effective assistance of counsel. "The claimed deficiencies in counsel's perfor-

mance do not undercut the conclusion that defendant * * * received meaningful representation" (*People v Benevento,* 91 NY2d 708, 714).

Defendant further contends that the jury improperly considered a provision of his lease with the Syracuse Housing Authority wherein he agreed to, inter alia, "refrain from and cause * * * other persons on the Premises under Tenant's control to refrain from engaging in * * * drug-related criminal activity." In its decision on the CPL 330.30 motion, the court found that the jury "made improper use of the lease," which "[e]ssentially * * * reduced the People's burden of proof to one of almost strict liability." The court noted, however, that the issue was not preserved for its review and that it lacked authority to review the issue as a matter of discretion in the interest of justice (*cf.* 470.05 [2]). Because the information upon which the court's finding is based is outside the record on appeal, we are unable to review defendant's present contention. The proper vehicle for defendant's contention would be by way of a motion pursuant to CPL 440.10.

Defendant's contention that the prosecutor "improperly used" *Sandoval* material is without merit. Defendant failed to preserve for our review the remaining contentions in his main brief and pro se supplemental brief (*see* CPL 470.05 [2]), and we decline to exercise our power to review those contentions as a matter of discretion in the interest of justice (*see* 470.15 [6] [a]). Present—Wisner, J.P., Hurlbutt, Scudder, Gorski and Lawton, JJ.