■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TYRONE ATKINSON, Appellant. [923 NYS2d 845]—

Appeal by the defendant from an amended judgment of the Supreme Court, Queens County (Hanophy, J.), rendered September 27, 2006, upon remittitur from the Court of Appeals for resentencing after modification (*see People v Atkinson*, 7 NY3d 765 [2006]), upon his conviction of manslaughter in the second degree, criminal possession of a weapon in the second degree, criminal possession of a weapon in the third degree, and menacing in the second degree, upon a jury verdict.

Ordered that the amended judgment is affirmed.

The defendant waived his contention that his conviction of manslaughter in the second degree may be barred by the statute of limitations by requesting that the Court of Appeals reduce his conviction of murder in the second degree to manslaughter in the second degree in the event it found the evidence supporting his conviction of murder in the second degree to be legally insufficient. Accordingly, the Supreme Court did not err in failing to conduct a hearing, prior to resentencing the defendant, to determine whether the tolling provisions of CPL 30.10 (4) (a) are applicable. Further, by not timely seeking dismissal of the counts of the indictment charging criminal possession of a weapon in the second degree, criminal possession of a weapon in the third degree, and menacing in the second degree, the defendant failed to preserve for appellate review his claim that his conviction on those counts was barred by the statute of limitations (*see* CPL 210.20 [1] [f]; [2], [3]; *People v Ramirez*, 243 AD2d 734 [1997]).

The defendant's contention that the evidence was legally insufficient to support his conviction of manslaughter in the second degree is without merit (*see People v Atkinson*, 7 NY3d 765 [2006]).

The resentence imposed was not excessive (*see People v Suitte*, 90 AD2d 80 [1982]). Prudenti, P.J., Angiolillo, Dickerson and Roman, JJ., concur.