People v Rodriguez (2021 NY Slip Op 06099)





People v Rodriguez


2021 NY Slip Op 06099


Decided on November 09, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: November 09, 2021

Before: Renwick, J.P., Singh, Kennedy, Rodriguez, Pitt, JJ. 


Ind. No. 5427/81 Appeal No. 14586 Case No. 2014-01906 

[*1]The People of the State of New York, Respondent,
v
Jose Rodriguez, Defendant-Appellant.


Robert S. Dean, Center for Appellate Litigation, New York (Ben A. Schatz of counsel), for appellant.
Cyrus R. Vance, Jr., District Attorney, New York (Malancha Chanda of counsel), for respondent.



Judgment, Supreme Court, New York County (Frederick S. Berman, J.), rendered April 21, 1982, convicting defendant, after a jury trial, of attempted murder in the first degree (two counts) and criminal possession of a weapon in the second degree, and sentencing him to an aggregate term of 20 years to life, unanimously reversed, on the law, and the indictment dismissed.
We find that defendant was deprived of his right to a speedy appeal, and that on this record no effective remedy is available except dismissal of this 40 year old indictment. Initially, we decline to revisit this Court's prior order, which denied the People's cross motion to dismiss this appeal. For reasons discussed herein, we do not find that any significant portion of the delay is attributable to defendant's alleged failure to pursue an appeal.
We find that defendant was deprived of his right to a "meaningful appeal" in light of the undisputedly extraordinary delay of nearly 40 years in perfecting his appeal (Douglas v California, 372 US 353, 358 [1963]; see also People v Perez, 23 NY3d 89, 99 [2014]). During that time, defendant has remained incarcerated.
Defendant filed a timely notice of appeal, and promptly requested poor person and counsel relief. An appellate attorney was assigned, but he took no steps to perfect an appeal, to ask to be relieved, or to communicate with defendant. While the appeal remained unperfected, this attorney was removed from the assigned counsel panel for neglecting appeals and was later suspended and disbarred on other grounds. There is no indication that defendant was notified of those events when they occurred. The record before us supports a finding that defendant, an indigent Cuban refugee who, as noted by the court at sentencing, suffered from psychiatric problems, understood that his assigned appellate counsel would notify him only if he prevailed on appeal. When appellate counsel never communicated with him, he believed his appeal had been decided unfavorably. Thus, while in an ordinary case we would expect defendants to make inquiries about their appeals, especially after long delays, here defendant did not know his appeal had gone unperfected and undecided, and did not think any inquiry was necessary (see Perez at 100). Based on all the information provided to this Court, we do not find that this particular defendant failed to pursue his appeal so as to be responsible for the delay, and we find the People's arguments on this issue unpersuasive.
Decades after his conviction, defendant, with help from a fellow inmate, discovered that his appeal was never perfected. By the time his current appellate counsel was assigned in 2018, the Supreme Court record had been destroyed and portions of the stenographic notes and transcript — including jury selection, the testimony of several witnesses, part of jury deliberations, and in particular, denial of a pretrial CPL article 730 examination— were lost. The trial Justice is deceased and defendant's [*2]trial counsel has virtually no recollection of the trial. While the charges are serious, defendant's prolonged incarceration without any meaningful appeal, and the inadequate, nonexistent, representation by his prior assigned counsel have deprived him of his constitutional rights (see id.). Because of the passage of time, a proceeding to reconstruct the missing portions of the trial, or a retrial, or both, would be pointless. In these extraordinary circumstances, the prejudice is apparent, no hearing is required, and dismissal of the charges is warranted (see People v Cousart, 58 NY2d 62, 68—69 [1982]). 
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: November 9, 2021